JOHN KNOWLES *against* THE STATE OF CONNECTICUT.

### WRIT of error.

This was an information in the county court against the plaintiff in error, by the attorney for the state, for a certain exhibition in the city of *New-Haven.* The supposed offence was charged as follows: That said *John Knowles* did at *New-Haven*, on or about the 8th day of *December*, 1807, at the corner of *Elm-Street* and *College-Street*, near the dwelling-house of *Daniel Candee*, in said *New-Haven*, unlawfully exhibit and hang up at the corner of said streets, in the view of many of the good people of this state, an indecent and unseemly picture or sign, thereby representing a horrid and unnatural *monster;* which said representation was made upon canvass; and at the bottom of said canvass the said *Knowles* caused to be written the following words, *viz.* "THIS ASTONISHING MONSTER TO BE SEEN HERE." And the head of said *monster*, represented by said picture, resembles that of an *African*, but the features of the face are indistinct: there are apertures for eyes, but no eyes; his chin projects considerably, and the ears are placed unnaturally back, on or near the neck; its fore legs, by said picture, are here represented to lie on its breast, nearly in the manner of human arms; its skin is smooth, without hair, and of a dark, tawny, or copper colour. And the said attorney further informs, that said picture or sign of said *monster* was by said *Knowles* placed at the corner of said streets, in the view of great numbers of the good people of this state, who saw said picture or representation as aforesaid. And the said attorney further informs, that immediately after the said *Knowles* had placed said picture as aforesaid, *viz.* on or about the 8th day of said *December*, the said *Knowles* did place

Every public show and exhibition which outrages decency, shocks humanity, or is *contra bonos mores*, is punishable at common law.

If an offence punishable at common law is averred in the information to be *contra formam statuti*, such averment may be rejected as surplusage, and will not vitiate.

An information for an exhibition of a show, must particularly state the circumstances in which the indecency, barbarity or immorality of it consists, that the court may judge whether it is an offence within the statute tit. 116. s. 1. or at common law.

June, 1808.

KNOWLES
v.
THE STATE.

and carry into the dwelling-house of said *Candee*, (it being a public house,) the *monster* represented by said picture and representation; and the said *Knowles* did then and there unlawfully expose, and exhibit, and show said *monster* as a *show*, to divers good people of this state; and did then and there take and extort from divers good people of this state, large sums of money for exhibiting and showing said *monster* or *show* to them as a *show*. And the said *Knowles* did then and there, in an unlawful manner as aforesaid, expose said *monster* to persons of all ages, and both sexes; and did thereby terrify many of the good people of this state; which said *monster* was highly indecent, and improper to be seen, or to be exposed as a *show*. And the said picture was placed at the corner of said streets, with intent to notify all persons that said *monster* was to be seen at the house of said *Candee*, and to invite them to call and see the same; which was to the great annoyance of the good people of this state: all which conduct of the said *Knowles*, as aforesaid, was, and is, against the peace, highly indecent, of public evil example, and against the statute law of this state, in such case made and provided.

The defendant pleaded *not guilty*; and the jury found a verdict against him. He then moved in arrest of judgment, for the insufficiency of the information. The court adjudged the information sufficient; and inflicted a fine upon the defendant of sixty dollars. On a writ of error, that judgment was affirmed by the *superior court*. To reverse those judgments, the present writ of error was brought.

*Daggett* and *Staples*, for the plaintiff in error.

1. This information purports to charge an offence *contra formam statuti*. The only statute which is relied

on, as bearing upon the case, is that for the suppression of " *Mountebanks,*" tit. 116. The first section of that act is as follows: " That no mountebank, tumbler, rope-dancer, master of puppet-shows, or other person or persons, shall exhibit, or cause to be exhibited, on any public stage or place whatsoever, within this state, any games, tricks, plays, shows, tumbling, rope-dancing, puppet-shows, or feats of uncommon dexterity or agility of body, or offer, vend or otherwise dispose of, on any such stage or place, to any persons so collected together, any drugs or medicines recommended to be useful in various disorders." But we contend that the information charges no offence within these words.

It is not alleged that *Knowles* exhibited any games, tricks, plays, tumbling, rope-dancing, puppet-shows, or feats of uncommon dexterity or agility of body; nor that he offered to vend or dispose of any drugs or medicines. The word " *shows,*" then, is the only one which can touch this case. But can it be supposed the legislature, when they used that word, had any reference to natural curiosities? If so, every thing that is vulgarly called a *sight,* or *show,* is within the statute. The worthy farmer at *East Windsor,* who exhibits his large ox, is a great offender; so is the keeper of the museum in *Hartford;* and so are the scientific gentlemen who gathered, and now show to their friends, fragments of the meteor that lately exploded over *Weston.* Whether the exhibition is made gratuitously, or not, makes no difference; for the statute says nothing about the " *shows*" being made for money.

But of whatever nature the exhibitions may be, which the statute prohibits, we contend that *Knowles* does not come within any of the descriptions of *persons* therein specified. He is not described as a mountebank, tumbler,

June, 1808.

KNOWLES
v.
THE STATE.

rope-dancer, or master of puppet-shows. If included at all, he must, then, come within the general clause " *or other person or persons.*" But this clause is too vague and loose to be the ground of a criminal prosecution. The statute 14 *Geo.* II. c. 6. providing against the stealing of *sheep or other cattle*, was held to extend to nothing but mere sheep; and it was found necessary to make another statute to protect bulls, cows, oxen, steers, bullocks, heifers, calves, and lambs.   1 *Bl. Com.* 88.

2. Can this judgment be supported upon principles of the common law? Such an exhibition as is here set forth has never been deemed an offence by the common law of *England.* No precedent for such a prosecution can be found in the books. To speak of a *new* offence at common law is a solecism. If the conduct of *Knowles* was immoral in its tendency, it was an immorality n ot to be punished by human laws. But it may well be questioned, whether there was even an immorality in this exhibition. What was the thing exhibited? A real production of nature ; a natural curiosity. There was no imposture, no juggling, no necromancy, no legerdemain. A young lady was lately seen in our principal towns without hands or feet. No one thought this exhibition criminal, or in the least degree immoral. This lady, to be sure, was *handsome;* but can the beauty or deformity of the object make any difference as to the point under consideration?

3. The information is ill for duplicity. It sets forth two distinct offences: First, that of exhibiting the *picture* at the corner of *Elm* and *College Streets;* and secondly, that of exhibiting the *monster* at the house of *Candee.* It is also ill, because it contains no sufficient description of the *show.* It only says, in general terms, that it was " a horrid and unnatural monster." It ought

to be so particularly described, that the court may see whether the exhibition of it was an offence, or not.

*Ingersoll* and *N. Smith*, for the prosecution.

1. This is a statute offence. There was an exhibition of a public *show*, in a public house, for money. It called people together in a public place, and induced them to waste their time and money. It was within the words of the statute, and productive of all the evils which the statute was meant to guard against.

2. It is a common law offence. Whatever is against good morals; whatever strongly affects the feelings of mankind, and gives them offence, is punishable at common law. There is a sound *principle* to support the prosecution; from the peculiar nature of the case, precedents exactly in point are not to be expected.

3. The information is not double. The giving notice that there would be such an exhibition is no offence. But if that was a distinct offence, the information will not be bad after verdict; it could be so only on a special demurrer. If the party submits to go to trial on the general issue, he waives all exception as to form.

BY THE COURT, unanimously. The statute on which this information is grounded, prohibits all persons from exhibiting " on any public stage or place whatsoever, any games, tricks, plays, shows, tumbling, rope-dancing, puppet-shows, or feats of uncommon dexterity or agility of body," under a penalty. The word *shows*, which alone can apply to this case, has no technical meaning, known in law; and it cannot be extended by construction, to render criminal the mere exhibition of a work of art, a natural curiosity, or the collections of a museum.

Every public show and exhibition, which outrages decency, shocks humanity, or is contrary to good morals, is punishable at common law. The averment in this information, that it is contrary to the statute, may be rejected as surplusage, and will not vitiate. But such an information must particularly state the circumstances in which the indecency, barbarity or immorality, consists; that the court may judge whether the public exhibition of the show amounts to a crime.

This information alleges, that said *Knowles* exhibited a horrid and unnatural monster, highly indecent, unseemly, and improper to be seen, or exposed as a show; but states no circumstances in the description of its appearance, which show this allegation to be true: it cannot be supported, either at common law, or on the statute.

Judgment reversed.