## The State of Connecticut *against* Howard.

A high crime and misdemeanour at common law, is an immoral and unlawful act, nearly allied and equal in guilt to felony, but not coming strictly within that denomination.

Therefore, where an information alleged, that the prisoner, being in the custody of a constable, by virtue of a warrant for a breach of the peace, and required to give bond with surety for his appearance before the county court, with force and arms escaped, against the peace, &c. without specifying any act of violence ; it was held, that this was not a high crime and misdemeanour, cognizable by the superior court.

This was an information at common law, filed by the state's attorney, in the superior court, alleging, That *Howard*, being lawfully in the custody of *Ebenezer Smith*, a constable, by virtue of a warrant for a breach of the peace, and required to give bond with surety for his appearance before the county court, "with force and arms, did feloniously break away and escape from and out of the custody of him, the said *Ebenezer Smith*, constable as aforesaid, and against the peace ; which doings of the said *Howard* are of evil example, and a high crime and misdemeanour." To this information there was a demurrer ; on which the case was reserved for the advice of this Court.

*Middlesex,*
July,
1827.

State
*v.*
Howard.

*Stanley,* for the state, contended, That the offence charged was a high crime and misdemeanour at common law. Offences of this denomination are such immoral acts, not punishable by statute, as tend to the prejudice of the community, and are, therefore, upon the broad principles of public safety, deserving of punishment. This doctrine has been recognized, by this Court, in the case of a battery with intent to kill. *The State* v. *Danforth,* 3 *Conn. Rep.* 112. 114. It may be extended, by analogy, to other cases. Prison-breaking has been considered as an offence of this description in *England,* and in this country. 2 *Hawk. P. C.* 134, 5. 4 *Bla. Comm.* 129. 2 *Chitt. Cr. Law,* 79, 80. 2 *Swift's Dig.* 325—7. In principle, the act in question is equally criminal with any of those acts denominated offences against public justice.

*Storrs,* contra. He observed, that if *Howard* had been committed and tried, the county court alone would have had jurisdiction of the offence, and the offender could have been punished only by fine and imprisonment. It would be absurd to consider a mere avoidance, without violence or actual resistance, as a more heinous crime, cognizable by a higher court, and punishable with more severity.

PETERS, J. The only question for us to decide is, whether the escape alleged is a high crime and misdemeanour. The case is not distinguishable from *The State* v. *Knapp,* ante, *p.* 415. wherein it was decided, that in analogy to other crimes by statute made cognizable by the superior court, high crimes and misdemeanours are nearly allied and equal in guilt to those other crimes.

To rescue a prisoner, or effect his escape, is to become accessary to his guilt. 4 *Bla. Comm.* 131. 2 *Swift's Dig.* 377. And by statute (*tit.* 22. *s.* 50.) to resist or abuse a sheriff, or constable, in the execution of his office, is a misdemeanour, punishable by the county court. Surely, it is not a higher crime to elude the vigilance of an officer, than to knock him down. If so, or if this elusion be a species of resistance, I am of opinion, that the information is insufficient; and therefore advise that the case is not within the jurisdiction of the superior court.

The other Judges were of the same opinion.

Information insufficient.