## THE STATE OF CONNECTICUT *against* DOUD.

The escape from prison of a person lawfully imprisoned for a breach of the peace, without breaking the prison, or any other actual violence, is, at common law, an offence against public justice, punishable by fine and imprisonment.

But the court, for such offence, will not inflict a punishment exceeding that *Litchfield,* from which the offender escaped.                                                    June, 1829.

State
*v.*
Doud.

THIS was an information at common law, filed by the state's attorney, in the superior court, alleging, That *Doud,* in pursuance of a judgment of the court, was, on the 27th of *December,* 1828, lawfully imprisoned in the common gaol of *Litchfield* county, for a certain assault and battery by him before that time committed; and being so imprisoned, did, on said 27th of *December,* with force and arms, wilfully, unlawfully and feloniously escape from and out of said gaol, against the will, and without the licence and consent of the keeper thereof; which doings of said *Doud,* were against the peace, contrary to the laws of this state and of evil example to others in like manner offending. To this information *Doud* demurred; and the superior court reserved the case for the consideration and advice of this Court, both as to the sufficiency of the information and as to the punishment.

*P. Miner,* and *J. W. Huntington,* for the defendant, after remarking, that the act complained of was not the breaking of the prison, but simply departing from it, the doors, for aught that appears to the contrary, being wide open,—contended, 1. That such departure was not an offence at common law. The mere departure from the walls of the prison, where the commitment is for an offence not capital, is not even a misdemeanour. In *England,* it is deemed a *contempt* of the process of the king's courts. 2 *Hawk. Pl. C. c.* 18. *s.* 6. 9. Here it would not be deemed a contempt of court. The *English* law on this subject, is not applicable to our state of society.

2. That if this is not an offence, by the common law of *Connecticut,* the superior court has not jurisdiction, unless the statute approved *June* 4th, 1828, gives it. But this information does not count on the statute; which is necessary where the statute creates the offence. Clearly, this is not a high crime and misdemeanour, and so cognizable by the superior court, independently of the act of 1828. *State* v. *Howard,* 6 *Conn. Rep.* 475. *State* v. *Knapp,* 6 *Conn. Rep.* 415. It is, at most, a mere misdemeanour.

3. That if this is an offence at common law, still it is not punishable by imprisonment in our state prison. The imprisonment from which the defendant escaped, was in a common

*Litchfield,*
*June,* 1829.

State
*v.*
Doud.

gaol, for an assault and battery.    It would be absurd, and wholly unauthorized, to inflict a higher punishment for the escape than that from which he escaped.

*Church,* for the State, insisted, 1. That an escape, with or without prison-breach, is an offence at common law.    1 *Hale's P. C.* 607. 611. 2 *Hawk. P. C. c.* 18. 1 *Russell on Crimes,* 529. 2 *Swift's Dig.* 325–7. 4 *Bla. Com.* 129.

2. That the statute of *May,* 1828, gives the superior court jurisdiction of all offences at common law.

3. That the punishment may be imprisonment in the state prison.    This being a common law offence, it may be punished by a common law punishment, if no statute has repealed the common law.    Confinement in the state prison, is a common law punishment.    *State* v. *Wilson,* 2 *Root* 62. *State* v. *Danforth,* 3 *Conn. Rep.* 112.    The statute of 1828 does not repeal the common law, but limits the duration of the punishment only. (*a*) *State* v. *Judson,* for prison-breach, at *Litchfield, August* term, 1828, *cor. Daggett,* J.

PETERS, J. By the common law, all immoral acts, which tend to the prejudice of the community, are offences, and punishable by courts of justice.    They are denominated crimes and misdemeanours.    The former comprehend the more aggravated offences, which are nearly allied and equal in guilt to felony, whereof the superior court formerly assumed jurisdiction ; the latter, inferior offences, whereof the superior and inferior courts have occcasionally taken cognizance.    But now, by statute, the superior court alone has jurisdiction of all offences at common law. *Stat.* 29. ed. 1784.—172. ed. 1821.—191. Sess. 1828. *Knowles* v. *State,* 3 *Day* 103. 2 *Swift's Syst.* 366. 2 *Swift's Dig.* 257. *State* v. *Howard,* 6 *Conn. Rep.* 475. *Rex* v. *Higgins,* 2 *East* 5.

By the ancient common law, prison-breaches were felonies,

(*a*) The statute referred to, provides, in *sect.* 1. " That the superior court shall have jurisdiction of all offences at common law, of what kind or degree soever, for which the punishment is not prescribed by any statute law of this state. *Sect.* 2. " That in all cases where no punishment is by statute fixed for any such common law offence, the court before whom the conviction shall be had, may punish the offender, by fine not exceeding five hundred dollars, or by imprisonment not exceeding one year, or both, at the discretion of such court."

if the party were lawfully imprisoned, for any cause whatever, whether civil or criminal, and whether he were actually within the walls of a prison, or only in the stocks, or in the custody of a person who had lawfully arrested him. 2 *Hawk. P. C. c.* 18. *s.* 1.    And it hath been holden, by all the judges of the *King's Bench*, that though a prisoner departs from prison, with the keeper's licence, it is an offence punishable as well in the prisoner as in the keeper. *Hobert* and *Stroud's* case, *Cro. Car.* 209.    The same doctrine is laid down, by Sir *William Blackstone ;* (4 *Com.* 129.) and it is sanctioned by the late Ch. J. *Swift.* 2 *Sw. Dig.* 325.    The escape of a person lawfully arrested, by eluding the vigilance of his keepers, before he is put in hold or in prison, is an offence against public justice ; and the party himself is punishable by fine and imprisonment.    For however strong the natural desire of liberty may be, yet every man is bound to submit himself to the restraints of the law. 2 *Sw. Dig.* 325. 4 *Bla. Com.* 129.

I am, therefore, of opinion, that the information is sufficient ; and as the prisoner is not charged with breaking the prison, or any other actual violence, in effecting his escape, I advise, that he be subjected to the usual common law punishment, fine and imprisonment, one or both, at the discretion of the superior court, not exceeding the punishment from which he escaped.

The other Judges were of the same opinion, WILLIAMS, J. intimating some doubts.

*Information sufficient.*