PuaRSON, C. J.
This is not the case of an ordinary injunction to stay proceedings on an execution, after the right of the defendant, has been established by a judgment» The plaintiff alleges that being pressed by executions, in. *6 order to prevent a sale of his property, he applied to the defendant to aid him in raising the money and take a lien ■on the property. The defendant agreed to pay off the executions- provided he would save him. harmless by including the amount for which he was liable as plaintiff’s surety. Accordingly the plaintiff executed a deed absolute on its face, and the defendant commenced writing á paper to show that the plaintiff was to have the privilege of redeeming his property, but afterwards on various pretences refused to sign it, saying the plaintiff in net' take his word, and insisting that the deed should be absolute on its face. Bo, the plaintiff aver i, the deed ivas obtained by taking undue advantage of him by reason of his necessities; and seeks to-set up his equity to redeem on paying principal and interest..
In aid of this primary equity, the plaintiff prays that the defendant may be enjoined from exposing his property to public sale, or otherwise' making way with it, until his equity to redeem can be established; And he pats his right to an injunction, on the ground that if the property is sold, as contemplated by the defendant, lie will be turned out of lila house arul home, and his property consisting in a great part of horses, mules, corn, wheat, hay, hogs, sheep, farming utensils and other articles of the kind, will be scattered all through the country, so as to make it impassible ever to regain it; and so the lose will be irreparable; and the very purpose óf his bill, should he sneered in establishing his equity, will he defeated. The defendant insists that he made an absolute pm chose of all of the property, and denies that there waa any understanding, that the plaintiff should be at liberty to ‘redeem. ■
It is certain thus if the property is exposed to public sale and scattered through the country, it will be-impossible to reclaim it specifically, and the plaintiff’s primary equity *7 would be-thereby in a great measure defeated. Both® question of injunction is of a special nature, and must be treated and considered in the character of a sequestration ; which the court will not remove until the hearing of the cause, when.it appears by the bill and answer that the claim of the plaintiff is probably well founded, and is not •merely frivolous and vexatious; for as the defendant is. secured by the injunction or sequestration bond, the court having the property*under its control,'will take care of it, so that it may be subject to the final decpee.
In cases like this under consideration equity assumes jurisdiction on the principle of givingeffeet to the agreement of the parties ; and when it appears that the intention was to secure the payment of money, and the transaction has been made to assume the form of ¿n absolute conveyance by fraud, ignorance, accident, or advantage taken of a needy man, the court will not be trammelled by the form, and will give effect to the intention. In illustration —A borrows money, and to secure its' payment, executes a deed, to lie void provided the money aiid interest are paid by a given' day; otherwise, the estate to be absolute. The money is not paid and the estate becomes absolute at law: but a court of equity will interfere and allow the property to be redeemed: on the ground that it was not the intention of the one to sell, or of the other to buy — but the deed was given as a security for the money’; and it is against conscience for the creditor to insist on keeping the property. ¡So in á case like the present, if it was not the intention-of the one to sell, or of the other to buy, and the actnal intention was to let the property stand as a security, equity will as between the parties, give effect to the intention, by disregarding the form which the transaction, has .been made- to assume, and convert the deed although absolute on its face, into a security: it being against con *8 science for tbs creditor to insist upon keeping the property absolutely.
In our case, tbis court is of opinion that the bill aad answer show “ probable eause” in support of the plaintiffs equity. In fact the admissions of the defendant taken in «onnection with the circumstances of the transaction, would seem to make out the plaintiff’s case, although in respect to that question, we are not at liberty in this stage of the proceeding, to deliver our opinion. * „
The deed conveys the plaintiff’s land,.horses, mules, sheep, hogs, coro, wheatj hay, farming utensils, c., just such articles as are usually contained in a deed of trust. Tbb defendant does not allege that the property was valued separately, or that the price (as he considers it) was fixed on in reference to the value of the property: but the amount inserted in the deed had reference merely to the amourrr of the executions, and the am.mut for whi*h he was liable as surely. This is inconsistent with the idea of au ahe'-lute purchase — it is not usual for a man to wish to sell, or for one to whish to become the purchgs-r of such an infinite or indefinite variety of articles by the wholesale. 1 Indeed it is evident that the plaintiff JkI not wish te sell, and the defendant admits ho did not wish to buy — all he wanted was tobe saved harmless: ho admits thgt he did commence writing an instrument to show that the plaintiff was to have the right to redeem, but on reflection concluded not to do it, and thereupon the plaintiff delivered the deed to him : the plaintiff retained possession of the property. The defendant''admits that he afterwards repe;*.;-edly offered to let the plaintiff have the property back, provided he was indemnified, as all he wanted was to bo “saved harmless;” which is the very thing the plaintiff' now oilers to do, and which he has done by the injunction bond: unless the defendant is at liberty to insist on the *9 time: but in eueh matters it is a maxim of' equity that “time is not of the essence of the contract.” This is the foundation of the doctrine concerning equities of redemption in mortgages and all dealings of that nature.
There is still another view of the case: can any one be made to believe, that the plaintiff would have executed the deed, if he had supposed that the defendant could come the next day and turn him out of house and homo and scatter all of the accumulations of his plantation to the wind*, by exposing it - to public sale ? That wás the very thing he desire-1 to previ fit, and its preve ntion the sole-purpose for which he asked the aid of the defendant. This wás well known to the defendant. So, if it was his intention at the time, not to allow the jhiintiff to redeem, he practiced a fraud by concealing if: and if he intended at the time to allow him to redeem, he can-not now in conscience refuse to do so.
So, taking it either way, the defendant procured the execution of the died by a positive fraud, or else he procured it by faking underhand advantage of the necessities of the plaintiff, the pressure of which induced him to put himself in the power of the defendant, anil trust to his good conscience; and-tbe defendant can not be allowed in equity to disregard the trust reposed in him and set himself up as an absolute purchaser, and thereby give to the transaction the result of doing the very’thing which he well knev.f if was the plaintiff’s object to avoid, viz: an absolute sale of the property.
There is error in the decretal order dissolving the injunction, Let this opinion be certified to the court below to -the end that the order be reversed, and tl e injunction continued over until the hearing.