Westbrook, J.
The same question arises upon the two indictments against the defendant above named. They are both for uttering, writing, and publishing a lewd and indecent paper, and they are both demurred to, because, as the pleader claims, the indecent writing is not sufficiently described. The language of the one indictment is, and the other is similar, “ did utter, write, and publish a certain obscene, lewd, and indecent paper and writing, which said paper was enclosed.in a sealed envelope and deposited in the post-office of the United States at said town of Catskill for mailing and delivering ; the said envelope being then and there addressed by the words following, that is to say, £ Mrs. Mary T. Wetmore, Catskill, N. Y.’ ”
The general rule of pleading is, that the indictment must apprise a party of the crime whereof he or she is accused. This rule is universal, except that it is so far modified, that when the charge is for uttering or publishing obscene literature, it is unnecessary “ to set. put the obscene language in full; it is enough to aver the fact of the obscenity of the writing, and to give this as *68 án excuse for not setting it forth” (2 Wharton's Criminal Law, § 2547, 7th edition). Bat it has .never-, been ■ held, so far as my research extends, that no general description of the writing was necessary.
In Commonwealth v. Sharpless (2 Serg. & R. 92): the indictment did generally describe the picture,, for exhibiting which the defendants were indicted, by the. words, “a certain lewd, wicked, scandalous, infamous and obscene painting representing a man in an obscene, ' impudent, and indecent posture with a woman.” That indictment was properly sustained.
In Commonwealth v. Holmes (17 Mass. 336) the court held: “In an indictment for publishing an obscene book or print, it is sufficient to give a general description thereof, and to aver the evil tendency, without copying, the book, or minutely describing the print.”
In State of Vermont v. Brown (1 Williams, 619) it was held: “An indictment for selling an obscene book or printed paper, should ordinarily set forth the book or paper in Imc verba, as in indictments for libel or forgery ; but this may be dispensed with, and the obscene character of the publication be described in more general terms, if it be of so gross a character that spreading it upon the record would be an .offense against decency.” In that case the writings were de? scribed by their titles.
In People v. Girardin (1 Manning, 90, a Michigan case) the publication was of obscene matter in a newspaper, and the title of the paper was given.
In the case before us, there is no description whatever of the alleged libelous writing. It is only averred that it was contained in an envelope directed in a particular. manner; Ho information is suggested which cap put the defendant on inquiry as to her defense, nor to what subject the obscenity related.
In Knowles v. State of Connecticut (3 Day, 103), the in *69 dictmentwas for the exhibition of a “ monster highly indecent and improper to be seen, or to be exposed as a show.” Of such an indictment the court unanimously said : “ This information alleges that said Knowles exhibited a horrid and unnatural monster, highly indecent, unseemly, and improper to be seen, or exposed as a show ; but states no circumstances in the description of its appearance, which shows this allegation to be true ; it can not be supported, either at common law, or on the statute.”
It may be observed that in the case cited, there was very much more information given to the defendant, than in these before us. He was called upon to defend the character of an exhibition he was making, and that disclosed to him the alleged obscenity. In these, the party is asked to recall every letter written to a particular individual, and prepare for an attack which may be made upon any of the correspondence. Hot the slightest thing is mentioned by date, subject matter, expression, thought, or word, which identifies or describes the obscene writing. There is, in short, no description whatever. Within any rule or case which I have seen, these indictments can not be upheld.
. The defendant is entitled to judgment upon both indictments. The rule will be entered as of the day of the argument.