STATE v. LUCIUS BROWN.

*Escape—Variance.*

1. An escape from arrest upon a charge for a misdemeanor, and without force, is itself a misdemeanor.

2. The bill charged that the defendant escaped from arrest made under an indictment against him and one A for an affray; the jury found by special verdict that the indictment was for an assault and battery upon A; *Held*, not a material variance, since, first, the gravamen of the charge was the *the escape from custody*, and secondly, one may be convicted of an assault and battery under a bill charging an affray by mutual fighting.

(*State* v. *Allen*, 4 Hawks, 356; *State* v. *Wilson*, Phil., 237, cited and approved.)

INDICTMENT for a Misdemeanor in escaping from the custody of an officer, tried at Fall Term, 1879, of GRAHAM Superior Court, before *Graves, J.*

The defendant appealed from the judgment pronounced upon the verdict.

*Attorney General,* for the State.
The defendant not represented in this court.

SMITH, C. J. The defendant is charged with escaping from the custody of an officer by whom he had been arrested on a *capias* issued upon an indictment for an affray committed by him and one Wood Dean and returned by the grand jury a true bill as to the defendant only. The jury on the trial found a special verdict, in which the material facts are these: The defendant was indicted at fall term, 1878, of Graham superior court for an assault and battery upon the said Wood Dean and a *capias* issued thereon to the sheriff of that county and was delivered to one Philip

Crisp, his lawful deputy, to be executed. Under this writ the defendant was arrested and while held in custody and before entering into obligation for his appearance to answer the accusation, made his escape without leave and against the will of the said officer.

The defendant moved in arrest of judgment, but the court being of opinion that upon the facts found the defendant was guilty, pronounced sentence and the defendant appealed.

There has been no argument in this court for the defendant; no ground assigned for the motion; no defect pointed out in the record. Upon our unaided examination but two exceptions are suggested, as perhaps the basis of the appeal.

1. An escape from an arrest upon a charge for a misdemeanor and without force is not an offence at common law, nor under the statute. Bat. Rev., ch. 32, § 32.

2. There is a variance between the allegations of the bill and the facts found in regard to the indictment under which the mandate for the arrest was issued, the allegation being that the indictment was against the defendant and the said Wood Dean for an affray, and the finding of the grand jury thereon against the defendant alone, while the facts set out in the verdict is that it was an assault and battery committed by him upon the person of said Dean.

We have had some hesitation in the absence of any direct adjudication upon the point which we have been able to find, in determining an escape by one in custody upon a charge for a misdemeanor, effected without force, to be itself a criminal offence at common law. But upon consideration and after careful examination of standard authorities upon the subject, and upon principle, we have come to the conclusion that such act is a misdemeanor.

"An escape of a person arrested upon criminal process," says Mr. Justice BLACKSTONE, "by eluding the vigilance of his keepers before he is put in hold (that is, in prison) is

also an offence against the public justice, and the party himself is punishable by fine or imprisonment. But the officer permitting such escape either by negligence or connivance is much more culpable than the prisoner; the natural desire of liberty pleading strongly in his behalf, though he ought in strictness of law to submit himself quietly to custody, till cleared by the due course of justice. And this whether he were actually committed to jail or only under bare arrest." 4 Blackstone Com., 129.

"The general principle," says RUSSEL, "appears to be that as all persons are bound to submit themselves to the judgment of the law, and be ready to be justified by it, those who, declining to undergo a legal imprisonment when arrested on criminal process, free themselves from it by any artifice and elude the vigilance of their keepers before they are put in hold, *are guilty of an offence* in the nature of a high contempt and punishable by fine and imprisonment." 1 Rus. on Crimes, 367.

So it was ruled in the case of *Sir Miles Hobert* that "although a prisoner departs from prison with his keeper's license, yet it is an offence as well *punishable in the prisoner* as in the keeper." And again it is declared that "the prison of the King's Bench is not any local prison, confined only to one place, and that every place where any person is restrained of his liberty is a prison." Cro. Char., 209. To the same effect, 1 Hale Pl., 605, note 1; 14 Petersd. Abr., title Prison, § 6, and the same ruling is made in *State* v. *Dowd,* 7 Conn., 384; 2 Whar. Cr. Law, §§ 2613, 2614.

It is needless to make further references. Upon the construction put upon the word "prison" in similar statutes, ours might be held to embrace the case now under consideration if force had been used in effecting the escape. But the language used does not seem to admit of this enlarged scope.

Any person who shall break prison, *being lawfully confined*

*therein,* shall be deemed guilty of a misdemeanor.   Bat. Rev., ch. 32, § 32.   This seems to contemplate and to be confined to the act of breaking out the jail or county prison and not from mere personal restraint or imprisonment under law. The purpose and effect of the act are not to create a new offence, but to modify the rigors of the common law and reduce the act of prison breaking in all cases, upon whatever charge the person might be confined, to the grade of a misdemeanor only.   This is quite apparent from the enactment contained in the Rev. Stat., ch. 34, § 20, which following the Stat. 1 Ed. II., *De frangentibus prisonam,* declares that "no person that breaks prison shall have judgment of life or member for the breaking of prison only, unless the crime for which he was arrested and imprisoned would have required such judgment if he had been convicted thereof according to law.   The offence was still left a felony until reduced to a misdemeanor under the existing law.

2.  The second objection rests upon a supposed variance between the bill and the evidence adduced in its support.

The substance of the offence imputed to the defendant is his escape from the custody of the officer who had made a lawful arrest under the authority of the writ issued from a competent court, in which the nature of the misdemeanor with which he was charged was not a material element. The part of the indictment descriptive of the offence committed is but the recital of preliminary matter explanatory of the issue of the precept for the arrest.

But without deciding the point, in our opinion the variance is not a fatal defect to arrest the prosecution and entitle the defendant to another trial.   An indictment for an affray as usually drawn includes a charge of mutual assault one upon the other, and hence upon the trial one may be found guilty of the assault and battery and the other acquitted, and judgment will be rendered against the party convicted.   *State* v. *Allen,* 4 Hawks, 356.

So one may be tried and convicted of an assault and battery, upon a bill charging an affray by the fighting together of two persons, although the grand jury ignored the bill as to the other party. *State* v. *Wilson*, Phil., 337.

Substantially, by this action of the grand jury the indictment in form for an affray becomes in legal effect one for an assault and battery by him against whom it is found a true bill, and may be so described. The record therefore shows no variance to support the objection and the ruling of His Honor is correct. There is no error, and this will be certified to the end that judgment be rendered on the verdict, and other proceedings be had according to law.

PER CURIAM.                              No error.