· STATE v. BENJAMIN BAKER.

*Indictment—Affray.*

An indictment for an affray by fighting, which charges a mutual assault, need not set forth the place in which the fighting occurred, in order to enable the court to see that the same was a *public* place.

(*State* v. *Woody*, 2 Jones, 335; *State* v. *Brown*, 82 N. C., 585, cited and approved.)

INDICTMENT for an Affray tried at Spring Term, 1880, of WILSON Superior Court, before *Avery, J.*

The defendant was indicted with one Cobb for an affray. A *nolle prosequi* was entered as to Cobb, the jury convicted the defendant who moved in arrest of judgment, and appealed from the refusal of the judge to grant his motion.

*Attorney General*, for the State.
*Messrs. Murray & Woodard*, for defendant.

SMITH, C. J. The sufficiency of the charge contained in the indictment, in form for an affray and for mutual assaults, to warrant the judgment upon a general verdict of guilty, is the only question presented in the record. The alleged defect consists in the averment that the criminal act was committed in a *public place,* instead of specifying the place, usual in the precedents, as a *highway* or *street,* so that the court could determine if it was public within the definition of the offence. The form adopted in this case, we believe, is that in common use in this state, and is indirectly sanctioned in *State* v. *Woody,* 2 Jones, 335. Indeed a street or highway does not comprehend all places which are public, and where the fighting of persons becomes an affray, within its definition. But if there were any force in the objection and the indictment was deficient in this particular, it clearly charges an assault and battery, and the verdict *convicts of the offence which is legally set out and charged.* We have recently held, where the bill was found by the grand jury against one only of the parties charged, that "an indictment in form for an affray becomes in legal effect one for assault and battery by him against whom it is found a true bill, and may be so described." *State* v. *Brown,* 82 N. C., 585.

The motion in arrest of judgment was properly overruled. This will be certified.

PER CURIAM.                                              No error.