STATE v. WILLIAM GRIFFIN, THOMAS GRIFFIN.

(Decided December 12, 1899.)

*Indictment—Affray.*

1. When the affray charged is the fighting of two or more persons in a public place, the indictment, in effect, charges several assaults and batteries, and one bill is used to avoid several trials for same offense.
2. The public place need not be specified, and need not be proved.
3. As an indictment for an affray charges mutual assaults, one may be convicted and the other acquitted. The same law is equally applicable to both offenses.

INDICTMENT for an affray, tried before *Coble, J.,* at January Term, 1899, of UNION Superior Court. The defend-

ants were indicted for committing an affray with D. E. Sherrin in a public place, and were convicted, sentenced, and appealed. Their grounds of exception are stated in the opinion.

*Messrs. Armfield & Williams,* for appellants.
*Mr. Brown Shepherd,* with *Attorney-General,* for the State.

CLARK, J.   The indictment is lost, but an agreement is sent up in the record, that it was in the usual form for an "affray."

Four defendants were on trial.   The evidence was that the melee occurred in the road, but it was not stated whether or not it was a public road.   The defendants asked the Court to charge the jury that they must acquit the defendants unless they were satisfied beyond a reasonable doubt that the fighting was in a public place, and excepted to the refusal so to charge.   An affray may be committed by "going armed with unusual and dangerous weapons, to the terror of the people." *State v. Huntley,* 25 N. C., 418.   But when the affray charged is the fighting of two or more persons on a public highway or street, or simply in a public place, the indictment is in effect merely for the several assaults and batteries, one bill being used simply to avoid several trials for the same offense.   This is recognized in *State v. Baker,* 83 N. C., 649, in which it is said the public place need not be specified, and, of course, therefore, it need not be proved.   In the same case it is said that, on an indictment for an affray, one may be convicted, and the other acquitted, for the indictment being for mutual assaults the defendant is "convicted of the offense with which he is legally charged"—citing *State v. Brown,* 82 N. C., 585, which holds that an indictment on a conviction for an affray may be legally described as for an

assault and battery, citing *State v. Allen,* 11 N. C., 356, and *State v. Wilson,* 61 N. C., 237.

This disposes also of the exception that the Court charged the law as to mutual assaults and batteries, without charging the specific law as to affrays. This was for the very sufficient reason that when the affray is charged to have been by 'fighting of two or more, there is no distinction between the law of affray, and that of assault and battery, by which it is committed. *State v. Perry,* 50 N. C., 9.

The other prayer for instruction was given in substance, and need not be considered.

Affirmed.