### Michael J. Maloney et al. v. The People of the State of Illinois.

#### Gen. No. 13,118.

1. INDICTMENT—*what does not preclude punishment for common law offense.* Notwithstanding an indictment may conclude "contrary to the statute," a common law conspiracy may be punished thereunder, as such conspiracies have been engrafted upon the statutory law of the state.

2. CONSPIRACIES—*scope of statute with respect to common law.* Conspiracies are by the Conspiracy Act engrafted upon the statutory law of this state.

Criminal prosecution for conspiracy. Error to the Criminal Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed April 4, 1907.

**Statement by the Court.** The indictment in this case consisted of nine counts, but the court, on motion of the defendants, quashed the sixth, seventh, eighth and ninth counts, and the cause was tried on the first five counts. The first count charges: "That one Michael J. Maloney, one Isaac Hartman, one Harry S.

Nye and one Charles Mitchell did, on the 17th day of July, A. D. 1905, in the county of Cook and State of Illinois, unlawfully, feloniously, fraudulently, maliciously, wrongfully and wickedly conspire, combine, confederate and agree together and with each other to do an illegal act then and there injurious to public morals, to wit: to maliciously threaten, verbally, one Lawrence Erhart to accuse him, the said Lawrence Erhart, of a crime, to wit: the infamous crime against nature, with intent to extort money from him, the said Lawrence Erhart.''

The second and third counts aver that the threat was "by written communication." The fourth and fifth counts are the same as the first. The defendants pleaded not guilty. A *nol. pros.*, on motion of the state's attorney, was entered as to defendant Charles Mitchell. The jury found each of the other defendants guilty, and the court, after overruling motions for a new trial and in arrest of judgment, sentenced each of the plaintiffs in error, Michael J. Maloney and Isaac Hartman, to the penitentiary.

The record contains no evidence, and the assignments of error argued, and the only assignments relied on by counsel for plaintiffs in error, are: That the court erred in overruling the motion to quash each of the first five counts of the indictment, and in overruling the motion in arrest of judgment. It was admitted by counsel for plaintiffs in error, in their oral argument, that their sole defense is that the indictment is invalid, and, manifestly, they are limited to this defense by the record, which contains none of the evidence.

GEORGE H. SUGRUE, for plaintiffs in error; SETH F. CREWS, of counsel.

JOHN J. HEALY, State's Attorney, for defendant in error; HOBART P. YOUNG, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The indictment in question is framed under section 46 of the Criminal Code, chapter 38, R. S., and the only pertinent question presented by the record for determination is the sufficiency of the indictment to sustain the conspiracy charged, viz: "to maliciously threaten, verbally, one Lawrence Erhart, of a crime, to wit, the infamous crime against nature, with intent to extort money from him, the said Lawrence Erhart." Section 46, *supra,* provides: "If any two or more persons conspire or agree together * * * to obtain money or other property by false pretenses, or to do any illegal act injurious to the public trade, health, morals, police or administration of public justice, * * * or to commit any felony, they shall be deemed guilty of a conspiracy, and every such offender and every person convicted of conspiracy at common law shall be imprisoned in the penitentiary," etc. The *gravamen* of the charge is "conspiracy to do an act injurious to public morals," and the indictment concludes contrary to the form of the statute, etc.

It is contended that the crime charged is not an offense injurious to public morals in the legal sense in which such offenses are designated in the category of crimes, because public morals are not outraged by the commission of the act charged. While admitting *in arguendo* that the offense designated would be indictable at common law, the conclusion of the indictment, "contrary to the statute," it is insisted, inhibits punishment for any other than the statutory offense charged. As commonly understood, all crimes are against public morals, but in a legal sense there is a wide distinction. Crime and immorality are not convertible terms. At common law punishments were not imposed for acts which in themselves were merely immoral unless such acts were attended with publicity which tended to shock the moral sense of the community. To threaten to accuse another of a crime, for the

purpose of extortion, which is the conspiracy charged in the indictment before the court for review, is not within the category of crimes punishable by the common law as *contra bonos mores*.

The Lady Godiva, in her celebrated ride, bare as to raiment, through the streets of Coventry, in which her progress was liable to be observed by many "Peeping Toms," was an exhibition tending to outrage public decency and good morals, for which intrepid though self-sacrificing act, however well intentioned it might have been, subjected her to an indictment at common law. Even the knowledge of the act, without the sight of the actor, tended to outrage public morals, for the reason that, even in her day, public morals were sufficiently sensitive as to revolt at such a performance. On this line the cases of adultery, illicit intercourse following on a sham marriage, conspiracy to seduce a female of chaste life, or to reduce a girl to prostitution, or the assignment by a man of his wife to another, are all crimes against public decency and punishable by the common law as *contra bonos mores*. Regina v. Howell, 4 F. & F. 160; Rex v. Delaval, 3 Burr, 1434; State v. Wilson, 28 S. E. Rep. 416; William v. People, 67 Ill. App. 344.

Unless the indictment can be sustained as in legal effect charging a crime punishable at common law, it follows that the prosecution must fail. The only obstacle to thus sustaining the indictment lies in the insistence that as the indictment concludes "contrary to the statute," that nothing but the statutory crime, viz., a crime against public morals, is punishable under it. But for the case of Town of Paris v. The People, 27 Ill. 74, we would, under the well-settled rule of the common law, have no hesitancy in holding that where the offense charged is indictable by the common law, the conclusion in the indictment, "contrary to the form of the statute," is no hindrance to a conviction and might be treated as surplusage and wholly disregarded.

In Vol. 1, Chitty on Criminal Law, 289, 4th Am. Ed., the rule is thus announced: ''It was formerly holden that where an indictment was professedly framed upon a statute and concluded contrary to its form, if the terms and circumstances of the act were not pursued with sufficient accuracy, it could not be maintained at common law, because the foundations upon which the proceedings were professedly founded proved to be defective. But it is now perfectly settled that the conclusion may be rejected as surplusage, and that where the indictment upon the facts stated could have been supported at common law, judgment may be given against the defendant for the common law offense as if no cumulative provision had been enacted,'' and in a foot note to the text it is stated: ''An indictment concluding *contra formam statuti* may be maintained if the facts charged amount to an offense at common law. * * * Commonwealth v. Hoxey, 16 Mass. 385; Haslip v. State, 4 Hayw. 273; Penn. v. Bell, Addis R. 171; Respublica v. Newell, 3 Yeates, 407; Knowles v. State, 3 Day 103.''

So where an indictment does not conclude contrary to the statute in a case where the punishment of the offense charged exceeds by the statute that inflicted by the common law, there can be no conviction of the statutory offense, but judgment may be rendered and punishment as at common law imposed for the offense. 1 Hale, 173. An indictment concluding against the statute being good by the common law, the conclusion may be treated as surplusage, and a conviction of the common law offense sustained. Chitty on Criminal Law, Vol. 1, p. 292.

In State v. Noble, 15 Maine, 476, it is laid down as a general rule, both in criminal prosecutions and in civil actions, that an unnecessary averment may be rejected where enough remains to show that an offense has been committed, or that a cause of action exists.

In State v. Buckman, 8 N. H. 203, the indictment charged defendant with maliciously putting a dead

carcass of an animal into a well of water belonging to
David Wilson and situate near his home, with knowl-
edge that Wilson and his family were in the habit of
using and drinking the water from the well, and that
such action on the part of the defendant corrupted and
made poisonous the water, and that thereby Wilson
and his family became greatly injured in health, con-
trary to the form of the statute.   The court held that
the crime charged was not made so by any statute,
but was a crime at common law, and said: ''The al-
legation being that the offense was contrary to the
form of the statute, and there being no statute upon
which it is founded, judgment cannot be rendered un-
less the words *against the form of the statute* can be
holden as surplusage, and the charge as made shall
be found to constitute a common law offense, in both of
which particulars it is contended the indictment can-
not be sustained.

''Where an offense as described in the indictment is
punishable at common law only, and yet the indictment
avers it to have been done against the form of the stat-
ute, it was formerly doubted whether the indictment
was good at common law.   Lord Hale was of opinion
that if the offense was not within the words of the
statute, and the indictment concluded *contra formam*
it should be quashed, though the offense described was
indictable at common law.   2 Hale P. C.; Cro. Eliz. 231,
Penhallow's case; Cro. Ca. 465, Chomley's case; 2 Rol.
Ab. 82.   But in numerous instances since, it has been
holden that such words may be regarded as surplus-
age, and the law on this point may now be considered
as perfectly settled in conformity to the later decis-
ions.   2 Haw. P. C. ch. 25, s. 115, 116; 1 Ld. Ray. 149;
2 ditto 1163; 5 D. & E. 163, King v. Matthews; 1 Chitty
Crim. Law, 289; 1 Saund. 135, n. 3.''   The conviction
of Buckman was affirmed as an offense at common law
and so punishable, and the terminal clause of the in-
dictment alleging the crime charged as contrary to the
statute disregarded as surplusage.   The opinion con-

cludes with this observation: "On this ground we have no hesitation that the indictment may be sustained as charging an offense at common law." Rex v. Kimmersley & Moore, 1 Strange, 193.

Smith v. The People, 25 Ill. 25, is only useful in connection with the principle here involved because of its holding that offenses not punishable by the Criminal Code of our State are, when punishable at common law, the subject of discipline in our courts on the theory that the enumeration of crimes made punishable by statute does not work an exclusion of jurisdiction of those crimes not so enumerated which are punishable at common law. Reasoning, analogy and authority would therefore seem to us to demand that the conviction here be sustained as an offense at common law, under the averments of the indictment, unless the contention is sustained that our Supreme Court in the Town of Paris v. The People, *supra,* has promulgated an inflexible and unyielding rule to the contrary, and that the case at bar is not so distinguishable from the Paris case as to constitute the crime here charged as contrary to the statute, and falling within section 46 of the Criminal Code, *supra.* That the decision in Paris v. The People, *supra,* on the question of the conclusiveness and binding force of the terminal averment was against the greater weight of well-considered authority in the jurisdiction from whence the common law of this country is derived, seems apparent to us, and we are inclined to view it as not being of the essence of the decision of the case, nor necessary to its correct adjudication, for had the indictment been in all respects complete, the conviction under it was not maintainable upon the merits which the court emphasized in its opinion. The persons charged were neither guilty of a statutory or common law offense. Had they been guilty of an offense at common law, the court's research for authority to maintain a conviction would presumably have led them to the same conclusion to which we have arrived on

this point. But aside from this question we are inclined to hold that the offense charged being punishable by the common law, is contrary to section 46 of the Criminal Code, *supra,* and punishable thereunder. For section 46, already quoted, after enumerating offenses which shall be held to constitute a conspiracy, adds: "and every such offender *and every person convicted of conspiracy at common law* shall be imprisoned in the penitentiary," etc.

It will be noted that conspiracies at common law follow on the designated acts which are declared conspiracies by enumeration. By logic and correct reasoning it would seem that conspiracies by the common law are thereby adopted into the statute and become a part of the statute, and like many other provisons of our statute, which are simply declaratory of the common law, become, when so engrafted into our state law, a part of the *lex scripta* of our state. An infraction of such a statute, it logically and necessarily follows, is contrary to it.

While the crime charged is not in law contrary to public morals, it is an indictable offense, punishable at common law, or, in other words, a conspiracy at common law. Common law conspiracies are in terms made punishable by section 46, *supra,* in the same manner as offenses enumerated are made punishable, and these common law conspiracies must be held likewise to be punishable with the same effect as if no reference had been therein made to the common law, but instead and in the place of such reference the several acts constituting conspiracies at common law had been enumerated in this section of the statute.

Of the guilt of plaintiffs in error there is no challenge in the record before us.

The indictment is, in our opinion, sufficient to support the conviction of the offense charged by it, and the judgment of the Criminal Court is affirmed.

*Affirmed.*