STATE OF NORTH CAROLINA v. ROBERT HAL BRAME

No. 8414SC88

(Filed 6 November 1984)

**1. Escape § 8— escape from county jail officers—insufficient evidence**

The State's evidence was insufficient to support defendant's conviction of escape from a county jail or an officer of such facility in violation of G.S. 14-256 where it tended to show that defendant was confined in the Durham County Jail, that Orange County officers took defendant into their custody to transport him to Orange County for trial, and that defendant escaped from the officers' car while still in Durham County, since there was no evidence that defendant escaped from the Durham County Jail or from the lawful custody of an officer of such jail.

**2. Kidnapping § 1.2— confining to hold as hostage—sufficiency of evidence**

The State's evidence was sufficient to support defendant's conviction of kidnapping a deputy sheriff under the theory that defendant confined, restrained and removed the deputy for the purpose of holding him as a hostage where it tended to show that the victim and another deputy were transporting defendant from one county to another for trial; defendant placed a gun to the victim's head and stated that he wanted to get away; when the occupants of the police vehicle became aware that they were being followed by a red truck, defendant ordered the victim to stop the vehicle and ordered the other deputy to tell the driver of the truck that defendant would kill the vic-

tim if the truck driver persisted in following the police vehicle; when the other officer left the police vehicle, defendant ordered the victim to "go," and the victim and defendant immediately left the scene; and defendant eventually forced the victim from the vehicle.

**3. Kidnapping § 1.3— failure to give requested instructions**

The trial court in a kidnapping case did not err in refusing to give defendant's requested instruction that the State had to prove that the restraint or removal from one place to another was not an inherent, inevitable feature of such other crime that was being committed; nor did the trial court err in failing to give a requested instruction defining removal from one place to another and restraint.

**4. Criminal Law § 138— aggravating factor—inducing participation by another— insufficient evidence**

The evidence did not support the trial court's finding as an aggravating factor in sentencing defendant for kidnapping that defendant induced a female who had no prior criminal record to participate in the commission of the offense.

APPEAL by defendant from *Hobgood (Robert H.), Judge.* Judgments entered 21 September 1983 in Superior Court, DURHAM County. Heard in the Court of Appeals 27 September 1984.

Defendant was charged in proper bills of indictment with kidnapping, two counts of assault with a deadly weapon on a law enforcement officer and felonious escape. Defendant was found guilty of second degree kidnapping, two counts of assault with a deadly weapon on a law enforcement officer and misdemeanor escape. From judgments imposing a fifteen-year prison term for second degree kidnapping, two concurrent two-year terms for assault with a deadly weapon on a law enforcement officer and a one-year term for misdemeanor escape, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Lorinzo L. Joyner, for defendant, appellant.*

HEDRICK, Judge.

[1] Defendant assigns error to the denial of his motion to dismiss the case wherein he was charged with escape. The evidence with respect to this charge, when considered in the light most favorable to the State, tends to show that Orange County Deputy

Sheriffs Charles Blackwood and Phyllis Coates took the defendant into their custody at the Durham County Jail for the purpose of transporting him to Orange County for trial. The defendant was handcuffed and placed in the back seat of the officers' automobile. While still in Durham County the defendant used a key secreted upon his person to unlock his handcuffs to effect his escape. He then placed the barrel of a twenty-five caliber pistol into Officer Blackwood's ear and forced him to drive the car along a circuitous route. Defendant eventually forced Blackwood from the vehicle and drove to a location at which he had arranged to meet his girl-friend.

Defendant was tried on a bill of indictment that charged him with violating N.C. Gen. Stat. Sec. 14-256, which in pertinent part provides:

> If any person shall break any prison, jail or lockup main-tained by any county or municipality in North Carolina, being lawfully confined therein, or shall escape from the lawful custody of any superintendent, guard or officer of such prison, jail or lockup, he shall be guilty of a misdemeanor.
> . . .

In *State v. Brown*, 82 N.C. 585 (1880), our Supreme Court held that this statute applied only "to the act of breaking out the jail or county prison and not from mere personal restraint or imprisonment under law." *Id.* at 588.

The evidence in the present case tends to show only that the defendant escaped from Orange County Sheriff's deputies. There is no evidence in this record from which the jury could find beyond a reasonable doubt that the defendant escaped from the Durham County Jail, or from "the lawful custody of any superintendent, guard or officer *of such . . . jail.*" (Emphasis added.) Under the circumstances of this case, wherein the defendant was clearly charged with violating N.C. Gen. Stat. Sec. 14-256, we hold the evidence is at variance with the charge, and the court erred in denying defendant's motion to dismiss.

[2] Defendant next assigns as error the denial of his motion to dismiss the charge of kidnapping Charles Blackwood. He argues there is not sufficient evidence to support the verdict and the judgment in this case.

State v. Brame

The evidence, when considered in the light most favorable to the State, with regard to the charge of kidnapping Charles Blackwood tends to show the following: After defendant placed a gun to Deputy Blackwood's head, he told the officer, "I want to get away. If I don't I will kill you." Soon thereafter, the occupants of the car became aware that they were being followed by a red Toyota truck. After efforts to "lose" the truck were unsuccessful, defendant ordered Deputy Blackwood to stop the car. Defendant then ordered Deputy Coates to get out of the car and to deliver a message to the driver of the truck, the message being that defendant would kill Deputy Blackwood if the driver of the truck persisted in following the police vehicle. As soon as Deputy Coates left the car, defendant ordered Deputy Blackwood to "go," and the officer and the defendant immediately left the scene. After several turns defendant directed the deputy to stop the car, telling him, "I want you to get out and run. Don't look back. If you do, I will kill you." Deputy Blackwood complied with the defendant's instructions.

N.C. Gen. Stat. Sec. 14-39, the statute under which defendant was charged with kidnapping Blackwood, in pertinent part provides:

(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person . . . shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

(1) Holding such other person for ransom or as a hostage or using such other person as a shield; or

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony;

The evidence is clearly sufficient to permit the jury to find beyond a reasonable doubt that the defendant "confine[d], restrain[ed], or remove[d] from one place to another" Deputy Blackwood, and that "such confinement, restraint or removal" was for the purpose of holding the officer as a hostage and for the purpose of facilitating flight following the commission of a felony. This assignment of error has no merit.

**[3]** By Assignment of Error No. 7, defendant contends the court failed to apply and explain the law arising on the evidence in the case wherein defendant was charged with second degree kidnapping. This assignment of error purports to be based on two exceptions. Exception No. 6C relates to the court's ruling at the instruction conference denying defendant's request for the following instruction:

> The State must prove to you and beyond a reasonable doubt that restraint or removal from one place to another place was not an inherent, inevitable feature of such other crime that was being committed.

Exception No. 6A refers to the court's ruling, after instructions had been given, denying defendant's request for "some definition . . . on removal from one place to another and restraint . . . in accord with *State vs. Erwin*, and *State vs. Fulcher*." We have carefully reviewed the court's instructions to the jury in light of this assignment of error and the exceptions on which it is based, and find no prejudicial error in the instruction as given.

In Case Nos. 83CRS3932 and 83CRS3933, wherein defendant was charged with two counts of assault with a deadly weapon on a law enforcement officer, defendant has brought forward and argued no assignment of error, and we find no error.

**[4]** Finally, defendant contends the trial court erred in sentencing him to a term exceeding the presumptive term in the case wherein defendant was charged with and convicted of second degree kidnapping. The trial court found four aggravating factors and no mitigating factors and, upon concluding that the aggravating factors outweighed the mitigating factors, imposed a prison sentence of fifteen years, a term exceeding the presumptive sentence of nine years. Defendant contends the trial court erred in finding the following aggravating factors:

> 1. The defendant induced Carol Yates who participated in the commission of the offense; a female who had no prior criminal record.

> 4. The offense was committed to disrupt or hinder the lawful exercise of any governmental function or the enforcement of laws.

5. The offense was committed against a present or former law enforcement officer.

9. The defendant was armed with or used a deadly weapon at the time of the crime.

Defendant contends that the first factor found by the trial court, relating to Carol Yates' participation in the commission of the offense, is unsupported by the evidence in the record. We agree. The record is devoid of any evidence showing that Ms. Yates participated in any way in or had any knowledge of defendant's actions in kidnapping Officer Blackwood. The trial court's error in finding this factor in aggravation requires that the case be remanded for resentencing. It is thus unnecessary for us to discuss defendant's remaining assignments of error relating to sentencing.

The result is: In Case No. 83CRS3934, wherein defendant was charged with and convicted of escape, the judgment is vacated; in Case Nos. 83CRS3932 and 83CRS3933, wherein defendant was charged with and convicted of assault with a deadly weapon on a law enforcement officer, the judgments are affirmed; in Case No. 83CRS3930, wherein defendant was charged with and convicted of second degree kidnapping, we find no error but remand the case for resentencing.

Vacated in part, affirmed in part, no error in part and remanded for resentencing.

Judges BECTON and PHILLIPS concur.