STATE v. FARRAR

[178 N.C. App. 231 (2006)]

Affirmed.

Judges McCULLOUGH and TYSON concur.

━━━━━━━━━━━━━

STATE OF NORTH CAROLINA v. GLENN ELLIOTT FARRAR, Defendant

No. COA05-974

(Filed 20 June 2006)

**Criminal Law— felonious escape from county jail—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of felonious escape from a county jail even though the incident occurred while defendant was being transported back to Central Prison (after being transported to a county jail from Central Prison for a court appearance), because the deputy testified that he placed defendant in the county jail both before and after defendant's hearing, thus making the deputy an officer of such jail within the meaning of N.C.G.S. § 14-256.

Appeal by defendant from judgment entered 27 January 2005 by Judge Ronald L. Stephens in the Superior Court in Alamance County. Heard in the Court of Appeals 8 March 2006.

*Attorney General Roy Cooper, by Assistant Attorney General J. Philip Allen, for the State.*

*Richard G. Roose, for defendant-appellant.*

HUDSON, Judge.

In January 2005, a jury convicted defendant of felonious escape from a local jail, assault on a government official, and injury to personal property. At the sentencing hearing, defendant pleaded guilty to habitual felon status. The court sentenced defendant to an active term of 135-171 months. Defendant appeals. We conclude that there was no error.

The evidence tends to show the following facts. On 9 November 2003, Deputy Richard Lee of the Alamance County Sheriff's De-

partment picked up defendant from Central Prison in Raleigh and transported him to Alamance County for a court appearance. After the hearing, Lee again placed defendant in a holding cell while he took a lunch break. After his break, Lee began driving defendant back to Central Prison. When defendant complained of chest pains and asked to be taken to a doctor, Lee informed him that Central Prison had a medical unit. As Lee was driving on the highway, defendant kicked out the rear passenger window of the car and leaned his upper body out of the window. Defendant put his feet on the plexiglass window that separated the back seat from the front seat, shattered the window and attempted to force his way into the front seat. Lee radioed for help and pulled off the highway. Defendant, despite being handcuffed and shackled, dove head first through the broken rear passenger window. Lee exited his car, grabbed defendant, and ordered him to the ground. Defendant did not comply and Lee attempted to use "OC spray" to disable defendant, but defendant grabbed the can of spray from Lee. As Lee struggled with defendant, Deputy Wayne Barrow pulled up and disabled defendant with a taser gun.

Defendant argues that the trial court erred in denying his motion to dismiss the charge of felonious escape from a county jail. On appeal, we review the trial court's decision regarding a motion to dismiss for insufficiency of the evidence to determine "whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996). Defendant was convicted of violating N.C. Gen. Stat. § 14-256 (2004), which states that:

> If any person shall break any prison, jail or lockup maintained by any county or municipality in North Carolina, being lawfully confined therein, or shall escape from the lawful custody of any superintendent, guard or officer of such prison, jail or lockup, he shall be guilty of a Class 1 misdemeanor, except that the person is guilty of a Class H felony if:
>
> (1) He has been convicted of a felony and has been committed to the facility pending transfer to the State prison system; or
>
> (2) He is serving a sentence imposed upon conviction of a felony.

*Id.* Defendant argues that there was no evidence that he escaped from a county jail or from "the superintendent, guard, or an officer of" any county jail. We disagree.

Defendant cites *State v. Brame* in support of his argument. 71 N.C. App. 270, 321 S.E.2d 449 (1984). In *Brame,* Orange County Deputy Sheriffs took defendant into their custody at the Durham County jail to transport him to Orange County for trial. *Id.* at 272, 321 S.E.2d at 450. While traveling in the back seat of the car in Durham County, defendant freed himself of his handcuffs, held a gun to the officer's head, and eventually took control of the vehicle and drove to his girlfriend's house. *Id.* Defendant was convicted of violating N.C. Gen. Stat. § 14-256. *Id.* This Court held that "[t]here is no evidence in this record from which a jury could find beyond a reasonable doubt that the defendant escaped from the Durham County Jail, or from 'the lawful custody of any superintendent, guard or officer *of such . . . jail.*'" *Id.* (emphasis and ellipses in original). Here, unlike in *Brame,* Deputy Lee testified that he placed defendant in the Alamance County jail both before and after defendant's hearing. Thus we conclude that Lee was an officer of "such jail," within the meaning of N.C. Gen. Stat. § 14-256 and that there was sufficient evidence to support his conviction.

No error.

Judges HUNTER and BRYANT concur.