Brown *v.* The State.

No. 8450.

## Brown *v.* The State.

CRIMINAL LAW.—*Malicious Trespass.*—*Indictment.*—An indictment for a malicious trespass must aver the kind and character of the injury done to the property by the defendant.

From the Madison Circuit Court.

*J. Brown, M. S. Robinson* and *J. W. Lovett,* for the appellant.

*D. P. Baldwin,* Attorney General, *W. W. Thornton,* and *T. B. Orr,* Prosecuting Attorney, for the State.

ELLIOTT, J.—This appeal brings in question the sufficiency of an indictment, upon which the appellant was convicted of the offence of malicious trespass.

Counsel for appellant assail the indictment upon the ground that the offence is not sufficiently charged, in that the character of the injury done to the property, upon which the trespass was committed, is not stated with proper and reasonable certainty. The indictment charges that "Marcus Brown and Cassius Brown, on the 15th day of July, 1878, at the county and State aforesaid, did then and there unlawfully, maliciously and mischievously injure, and cause to be injured, a certain window, window blind and sewing machine, all the property of Nathaniel W. Phipps, by then and there wrongfully, maliciously and mischievously throwing a stone, and stones, at and against and through the said window and window blind, and at and against said sewing machine, to the damage of the said Nathaniel Phipps, in the sum of nine dollars and forty cents."

It will be observed that there is no description whatever of the extent or character of the injury done to the property of Nathaniel Phipps. There is, to be sure, the averment that the acts were to the damage of the said Phipps, but nothing at all is alleged as to what injury was done his property, whether defaced, broken or destroyed. There is really no traversable

averment upon the subject of the character of the injury.
The cause and means are fully alleged, but not the effect
flowing from the cause.  The accused ought to be con-
fronted with a statement of the kind and character of the
injury, for the measure of punishment depends upon the
extent and character of the injury done to the property.
He has a right to demand information of the character of
the injury charged to have been done by him, as, for in-
stance, a statement that the window was broken, or that
the sewing machine was broken or defaced.  The cases in
our own reports declare the doctrine that there must be a
description of the injury.  In the case of *The State* v. *Ayde-*
*lott*, 7 Blackf. 157, the charge was, that the defendant ma-
liciously and mischievously injured, and caused to be injured,
a certain house, the property of one William McMahon, sit-
uate, etc., to the damage of said William McMahon in the
sum of five dollars, and it was held insufficient.   It was
there said by DEWEY, J. :   ''The indictment under consid-
eration should have shown the specific injury done to the
house.   This was necessary in order to apprise the defend-
ant, with certainty, of the crime with which he was charged,
and to enable him to plead the verdict in any future prose-
cution for the same offence.''   This case is expressly ap-
proved in *The State* v. *Jackson*, 7 Ind. 270, and the prin-
ciple therein declared applied to an indictment stronger than
the present.   Mr. Bishop has cited these cases, with appro-
val, and says :  ''It is plain, both in principle and authority,
that there are cases in which it is not enough simply to use
the statutory words as descriptive of the injury.''   Bishop
Stat. Crimes, sec. 447.

In the really able and ingenious brief of the counsel for
the State, it is argued that the case at bar is, in principle,
the same as the class of cases represented by *Hayworth* v.
*The State*, 14 Ind. 590.   The class of cases referred to de-
cide that it is not necessary to state the means by which the

injury was inflicted, but it is not intimated, in any of the cases of this class, that it is unnecessary to describe the character of the injury, and they are, therefore, not in point upon the question here involved.　Nor are the cases cited by the State, to the effect that an allegation that the defendant unlawfully, maliciously and mischievously killed a certain animal, is sufficient, although it does not specifically describe the character of the injury.　The allegation imports, *ex vi termini*, that the character of the injury was such as to produce death.　There is an obvious distinction between cases where there is a mere injury, and those in which there is an actual destruction.　Mr. Bishop recognizes this distinction, and says:　"On principle, it can not be sufficient merely to allege that the defendant *injured* the property; for that might imply almost anything.　Yet, on the other hand, it may be enough to say that he *killed* a living animal mentioned."　2 Bishop Crim. Proc., sec. 841.

Judgment reversed.