## Fred Limouze v. The People of the State of Illinois.

1. VARIANCES—*Indictment and Proofs.*—A charge for falsely pretending in relation to the price of " certain pieces, parcels and lots of land " is not sustained by proof of false pretenses in relation to but one lot.

**Indictment.**—Obtaining money by false pretenses. Error to the Criminal Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed April 4, 1895.

Sloncen v. The People.

C. Stuart Beattie, attorney for plaintiff in error.

Mr. Justice Gary delivered the opinion of the Court.

The plaintiff in error was indicted for, and convicted of, obtaining money by false pretenses. The indictment charges that the pretense was "that the price of certain pieces, parcels and lots of land that he had purchased for" parties named, was $1,600, and that he as agent "had paid $1,600 for the said pieces, parcels and lots of land," while in fact the price "was not $1,600, nor any sum over and above $1,300."

The proof is that in the latter part of February or first part of March, 1893, the plaintiff in error and the prosecuting witness looked at a lot, the price of which he told her was $1,600, and that he could get one for $1,600; that April 21, 1893, the prosecuting witness gave the defendant in error authority to buy it for $1,600; that next day he bought it for $1,300, and charged his principal $1,600, so that he secretly kept $300.

The variances between the indictment and proof are substantial. The business had relation but to one lot—not pieces, parcels and lots; and the representation was as to a lot to be bought—not one that had been bought.

Morally, the differences are not great, but they are as fatal as in Bromley v. People, 150 Ill. 297, where, upon an indictment charging a burglary in the night time, it was held that a conviction could not be sustained upon proof of a burglary in the day time.

So a charge of giving intoxicating liquor is not sustained by proof of selling. Humpeler v. People, 92 Ill. 400.

The motion for a new trial should have been granted. The judgment is reversed and the cause remanded.