## Thomas B. Williams v. The People of the State of Illinois.

1. CRIMINAL LAW—*Lewdness, When Deemed to be Open.*—Lewdness is deemed to be open only when it is committed in the presence of another, or in a place open to the public view.

2. CRIMINAL PLEADINGS—*Sufficiency of Information Under the Statute.*—If the language of the statute sufficiently describes the act constituting the offense, then no more is required than that the words of the statute be employed in the information or indictment; but where the statute does not so describe such acts, the information or indictment must specifically set them forth.

3. SAME—*Information for Lewdness.*—An information for lewdness, under section 55 of the criminal code, which does not contain averments that a notorious act of public indecency was committed, is fatally defective.

**Indictment,** for lewdness. Error to the County Court of Piatt County; the Hon. F. M. SHONKWILER, Judge, presiding. Heard in this court at the May term, 1896. Reversed. Opinion filed November 25, 1896.

M. R. DAVIDSON and JAMES HICKS, attorneys for plaintiff in error.

H. H. CREA, State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The court overruled a motion of the plaintiff in error to

quash a criminal information against him, the material averments whereof were, that the plaintiff in error, on, etc., at, etc., " did make an indecent exposure of his private person, tending to debauch the public morals, contrary," etc.

The 55th section of the criminal code, upon which it was sought to base the information, is as follows:

" Whoever is guilty of open lewdness    *    *    *    or other notorious act of public indecency tending to debauch the public morals, shall be fined not exceeding $200."

This statute denounces open lewdness and notorious acts of public indecency.

Lewdness is to be deemed " open " only when it is committed in the presence of another person, or in a place open to the public view.    4 Black. Com. 64; 1 Bishop Crim. Law, 947 and 1126; 7 Amer. & Eng. Ency. 534, and 13 Amer. & Eng. Ency. 276.

The precedents of indictments prepared by Mr. Wharton contains the allegations that the exposure of the person was in the presence of another person, or was made in a public place.    Wharton, Precedents of Indictments, Vol. 2, pp. 306, 307–8–9.

The information under consideration has no such allegations, nor is it averred therein that a " notorious act of public indecency " was committed.

It was not allowable to put defendant upon trial without a specification of the offense in the indictment or information.

If the language of the statute sufficiently describes the act or acts constituting the offense, then no more is required than that the words of the statute be employed in the information or indictment; but when, as in the case at bar, the statute does not so describe such acts, then the indictment must specifically set them forth.    Johnson v. People, 113 Ill. p. 102.

The motions to quash the information should have been sustained.

The judgment must be, and is, reversed.