## Edward O. Towne and John L. Mewatt v. The People of the State of Illinois.

1. INDICTMENTS—*For Statutory Offenses, Sufficiency of.*—The rule that it is sufficient to charge a statutory offense in the language of the statute, is subject to qualification. Whether in any case it is enough that the indictment is merely framed in the words of the statute, must depend upon whether the words of the statute so particularize the offense as by their use alone to notify the accused of the precise offense charged upon him.

2. SAME—*When the Words of the Statute are Sufficient.*—It is sufficient to frame an indictment in the words of the statute in all cases where the statute so far individuates the offense that the offender has proper notice, from the mere adoption of the statutory terms, what the offense he is to be tried for really is.

3. STATUTORY OFFENSES—*Sufficiency of the Indictment.*—It is no more allowable, under a statutory charge, to put a defendant on trial without a specification of the offense, than it would be under a common law charge.

4. SAME—*Indictments for—Construction of the Statute.*—Section 408 of the Criminal Code, providing that every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states in the terms and language of the statute creating offense, or so plainly that the nature of the offense may be easily understood by the jury, relates to matters of form and not to the substantial requirements of the indictment.

5. STATUTES—*Sufficiency of Indictments Under.*—Where the language of a statute sufficiently describes the acts constituting an offense,

no more is required in framing an indictment under it than to employ the words of the statute; but when the statute does not describe acts, the indictment must set them forth.

6. CONSPIRACY—*Sufficient Indictment.*—An indictment under section 46 of the Criminal Code, which charges that the defendants unlawfully, etc., did conspire and agree together to then and there falsely represent and state to certain members and shareholders, the names of whom are to said jurors unknown, of the Lumberman's Building and Loan Association, then and there a corporation organized and existing under and by virtue of the laws of the said State of Illinois, for the purpose of getting nine or more members and shareholders of the said Building and Loan Association to join in a petition and file the same in the Circuit Court of said Cook county, praying for a receiver to be appointed for the said Building and Loan Association, that the said association was then and there insolvent, with the fraudulent and malicious intent then and there wrongfully and wickedly to injure the business and property of the said Building and Loan Association, is sufficient to sustain a conviction for the offense charged.

7. EVIDENCE—*Of Prior Offenses, in Criminal Cases.*—In a prosecution against two defendants for a conspiracy to injure a building and loan association, evidence of the commission of a similar offense by one of the defendants is not admissible.

8. SAME—*Of other Offenses.*—The rule which excludes upon the trial for one offense, evidence of other and distinct offenses, recognizes an exception in cases where it is necessary to show such other offenses for the purpose of proving knowledge or intent in the commission of the offense for which the trial is had; and when the offered offense tends to prove the charge in the indictment, the mere fact that it may tend to prove the commission of another crime does not render it inadmissible.

9. SAME—*Of other Offenses When Not Admissible.*—Where the evidence only tends to show the commission of another crime, and for that reason makes it probable that the accused may have committed the offense charged in the indictment, its admission is erroneous.

10. VARIANCE—*Proofs Must Correspond with the Allegations of the Indictment.*—An allegation in an indictment for a conspiracy, describing a report as sworn to by the secretary of a building and loan association on the twelfth day of January, 1898, is not sustained by the introduction of a report sworn to on the thirteenth day of January.

11. CRIMINAL LAW—*Application of the Indeterminate Sentence Act.*—The provisions of the indeterminate sentence act do not apply to the offense of conspiracy, under section 46 of the Criminal Code, providing for the punishment of persons convicted by imprisonment in the penitentiary or by a fine, or both.

12. CRIMES—*Felonies and Misdemeanors.*—Where an offense is punishable by imprisonment in the penitentiary, or by a fine only, it is only a misdemeanor, and the provisions of the indeterminate sentence act do not apply.

13. BILL OF PARTICULARS—*In Criminal Cases.*—A person indicted

under section 46 of the Criminal Code for a conspiracy, is entitled, upon proper application, to a bill of particulars.

**Indictment,** for a conspiracy. Error to the Criminal Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed May 10, 1900. Rehearing denied.

**Statement.**—At the June, 1898, term of the Criminal Court of Cook County, the grand jury returned an indictment against plaintiffs in error, Edward O. Towne and John L. Mowatt, which indictment consists of seven counts, and is substantially as follows:

" The first count presents that plaintiffs in error on the first day of June, in the year of our Lord one thousand eight hundred and ninety-eight, in said county of Cook, in the State of Illinois aforesaid, unlawfully, fraudulently, maliciously, wrongfully and wickedly did conspire and agree together to then and there falsely represent and state to certain members and shareholders, the names of whom are to said jurors unknown, of the Lumberman's Building and Loan Association, then and there a corporation organized under and by virtue of the laws of the said State of Illinois, for the purpose of getting nine or more members and shareholders of the said, The Lumberman's Building and Loan Association, a corporation as aforesaid, to join in a petition and file the same in the Circuit Court of said Cook County, praying for a receiver to be appointed for said, The Lumberman's Building and Loan Association, a corporation as aforesaid, that the said, The Lumberman's Building and Loan Association, a corporation as aforesaid, was then and there insolvent, and that the annual detailed statement and report of the assets of the said, The Lumberman's Building and Loan Association, a corporation as aforesaid, is as follows:

ASSETS.

| | |
|---|---:|
| Loan (real estate) | $219,100.00 |
| Loans (stock) | 30,618.90 |
| Real estate | 70,193.68 |
| Real estate sold (bal. due) | 17,278.77 |
| Interest and premium (accrued and unpaid) | 8,073.27 |
| Advanced for insurance and taxes and foreclosure and expenses | 5,100.30 |
| Furniture and fixtures | 200.00 |
| on hand December 31, 1897 | 2,429.27 |
| | $352,994.19 |

Of the condition of the said Lumberman's Building and Loan Association, a corporation as aforesaid, at the close of business on the 31st day of December in the year of our Lord one thousand eight hundred and ninety-seven, made by one Edwin E. Hooper, secretary of the said, The Lumberman's Building and Loan Association, a corporation as aforesaid, and sworn to by the said Edwin E. Hooper, secretary as aforesaid, on the 12th day of January in the year of our Lord one thousand eight hundred and ninety-eight, before one Henry M. Hardner, a notary public in and for said Cook county, Illinois, and certified to by one Harry C. Jackson, one J. W. Rhodes, whose first name is to the said jurors unknown, and one H. M. Nixon, whose first name is to the said jurors unknown, members of the said, The Lumberman's Building and Loan Association, a corporation as aforesaid, and at the time of such certification not officers of said, The Lumberman's Building and Loan Association, a corporation as aforesaid, and thereafter said certification filed by said Edwin E. Hooper, secretary as aforesaid, with the auditor of public accounts of said State of Illinois was false and untrue, and that the said statement of assets so filed with said auditor of public accounts gave false, fictitious and exaggerated value of the assets of the said, The Lumberman's Building and Loan Association, a corporation as aforesaid, a more particular description of which are to the said jurors unknown, and that the true value of said assets so mentioned in said statement of assets so filed with said auditor of public accounts were, at the time said statement was so filed with said auditor of public accounts, much less in amount than the value of said assets as named in said statement, with the fraudulent and malicious intent then and there wrongfully and wickedly to injure the business of the said, The Lumberman's Building Association, a corporation as aforesaid.

And the jurors aforesaid, on their oaths aforesaid, further presents that said, The Lumberman's Building and Loan Association, a corporation as aforesaid, was not then and there insolvent, and that said statement and report of the assets of The Lumberman's Building and Loan Association, a corporation as aforesaid, as filed with the auditor of public accounts as aforesaid, were not false and untrue, and that said statement of assets so filed with said auditor of public accounts as aforesaid, did not give false, fictitious and exaggerated values of the assets of the said, The Lumberman's Building and Loan Association, a corporation as aforesaid, and that the true value of said assets were not

less in amount than the value of said assets, as named in said statement, as they, the said Edward O. Towne and said John L. Mowatt, then well knew, and contrary to the statute and against the peace and dignity of the same, People of the State of Illinois."

The second and third counts do not vary in any essential matter from the first, except that the time of the offense is laid at March 1, 1898, instead of June 1st, as in the first count, and that each of the two latter counts alleges that the false statements alleged were made with intent, then and there wrongfully and wickedly, to injure the business (in one count) and the property (in the other count) of The Lumberman's Building and Loan Association.

The fourth count presents that plaintiff in error, on the first day of March, in the year of our Lord, one thousand eight hundred and ninety-eight, in said county of Cook, in the State of Illinois aforesaid, unlawfully, fraudulently, maliciously, wrongfully and wickedly did conspire and agree together to then and there falsely represent and state to certain members and shareholders, the names of whom are to said jurors unknown, of The Lumberman's Building and Loan Association, then and there a corporation, organized and existing under and by virtue of the laws of the said State of Illinois, for the purpose of getting nine or more members and shareholders of said, The Lumberman's Building and Loan Association, a corporation as aforesaid, to join in a petition and file the same in the Circuit Court of said Cook county, praying for a receiver to be appointed for said, The Lumberman's Building and Loan Association, a corporation as aforesaid, that the said, The Lumberman's Building and Loan Association, a corporation as aforesaid, was then and there insolvent, with the fraudulent and malicious intent, then and there wrongfully and wickedly, to injure the business and property of said, The Lumberman's Building and Loan Association, a corporation as aforesaid, and the jurors aforesaid on their oaths aforesaid, further present that The Lumberman's Building and Loan Association, a corporation as aforesaid, was not then and there insolvent, as they, the said Edward O. Towne and said

John L. Mowatt, then well knew, contrary to the statute and against the peace and dignity of the same, People of the State of Illinois.

The fifth, sixth and seventh counts are alike in substance; each presenting the charge in the language of the statute.

The fifth presents that plaintiffs in error, on the first day of March, in the year of our Lord, one thousand eight hundred and ninety-eight, in said county of Cook, in the State of Illinois aforesaid, unlawfully, fraudulently, maliciously, wrongfully and wickedly did conspire and agree together, with the fraudulent and malicious intent, then and there wrongfully and wickedly, to injure the business and property of The Lumberman's Building and Loan Association, then and there a corporation organized and existing under and by virtue of the laws of the State of Illinois, contrary to the statute and against the peace and dignity of the same, People of the State of Illinois.

A motion was made by the plaintiffs in error to quash the indictment and each count thereof, which was overruled.

A motion was also made by plaintffs in error for a rule upon the State to file a bill of particulars, which motion was overruled. A motion was also made by plaintiffs in error for a rule requiring the State to elect between the counts of the indictment, and this motion was overruled.

Pleas of not guilty were entered. The cause was tried and a verdict rendered finding the plaintiffs in error guilty of conspiracy, as charged, and fixing the punishment of Towne at imprisonment and a fine, and the punishment of Mowatt at a fine only.

The verdict as to Towne was in the form following:

"We, the jury, find the defendant, Edward O. Towne. guilty of conspiracy in manner and form charged in the indictment, and we fix the punishment of the said defendant, Edward O. Towne, at imprisonment in the penitentiary and a fine of fifteen hundred dollars ($1,500).

And we further find from the evidence that the defendant Edward O. Towne, is not between the ages of ten and twenty-one years, but is about the age of thirty-eight years."

At the trial evidence was proffered by the State and admitted over the objection of plaintiffs in error, tending to show that plaintiff in error Towne and his brother had, at a previous time, viz., in the month of February, 1898, prepared a petition or bill of complaint seeking to obtain an investigation of the affairs of another building and loan association, the Masonic Mutual Savings and Loan Association, charging insolvency of that association, and seeking to procure the appointment of a receiver for its property, and also tending to show that the association last named had paid to plaintiff in error Towne, the sum of $1,000 to induce him to desist from the prosecuting of such petition or bill of complaint.

A motion for a new trial was interposed by plaintiffs in error and overruled. The sufficiency of the counts of the indictment was again raised by a motion in arrest of judgment, and this motion was overruled, and the plaintiffs in error were sentenced by the trial court upon and in accordance with the verdict.

Appropriate exceptions were preserved by the plaintiffs in error to these rulings of the trial court.

CHAS. M. HARDY, JOHN J. McDANNOLD, ROSS C. HALL, A. N. LASLEY, JOHN F. GEETING and W. KNOX HAYNES, attorneys for plaintiffs in error.

It is insisted on good authority that the crime of conspiracy is of common law definition and that it is therefore to the common law that we must look for guidance. In this view we do not feel bound to concur, even though Judge Caton has so announced the rule. (Smith v. People, 25 Ill. 17.) We may respond that, admitting the truth of that contention, we have confessedly a common law crime, to which the statute has simply affixed a penalty, it is not then of statutory creation. Bish. on Stat. Crimes, Sec. 416.

If not created by statute, section 408 can not be held to apply, but, as we have contended, the application of that section does not vary the rule of certainty, it only having the effect of trimming off excrescences. It is not to be taken

Towne v. The People.

that any form of allegations will do; the nature and cause of the accusation must be stated.    Art. 11, Sec. 9, Const. of 1870 (Ill.); Amd. VI., U. S. Const.; West v. People, 137 Ill. 189; Johnson v. People, 113 Ill. 99.

"Every wrongful fact, with each particular modification thereof, which, in law, is required to be taken into account in determining the punishment upon a finding of guilty, must be alleged in the indictment.

This doctrine is fundamental.    Originating in natural reason and justice, it has been adopted into the common law and confirmed by our written constitution.    Riggs v. State, 104 Ind. 261; 1 Bishop, New Cr. Pro., Sec. 77.

The most comprehensive as well as the tersest rule which an exhaustive search has revealed on the question of stating an indictment under a statute, is the following :    The pleader must employ so many of the substantial words of a statute as shall enable the court to see on what statute it is framed, and such other words as are necessary to a complete description of the offense, or words which are their equivalents or more than their equivalents in meaning.    United States v. Mays, 1 Idaho, 763.

When a statute prescribes or implies the form of the indictment, it is usually sufficient to describe the offense in the words of the statute, and for this purpose it is essential that these words should be used.    On the general principles of commom law pleading, it may be said that it is sufficient to frame the indictment in the words of the statute, in all cases where the statute so far individuates the offense that the offender has proper notice what the offense he is tried for really is.    But in no other case is it sufficient to follow the words of the statute.    It is no more allowable under a statutory charge to put the defendant on trial without specification of the offense, than it would be under a common law charge.    Whart. Crim. Pl. & Pr., Sec. 220, et seq.; 1 Bishop New Cr. Pl., 81 et seq., 623 et seq.

Any indictment which does not conform to those rules is bad, not only in form but in substance.    The Supreme Court of Maine declare that they do not doubt legislative power to change and modify forms in civil actions, but in

criminal prosecutions the exercise of this right is limited
and controlled by the Constitution. It has been the boast
of the common law that it requires that no person shall be
held to answer until the accusation against him is formally,
fully and precisely set forth—that he may know of what
he is accused and be prepared to meet the exact charge
against him. This right has ever been regarded as sound
and essential to the protection of the individual citizen.
The law of the land is not simply the existing statute laws
of the State, but, as has been often decided, it is the right
of trial according to the process and proceedings of the com-
mon law. The legislature can not dispense with the require-
ment of a distinct presentation of an offense. It can not
compel an accused person to answer to a complaint which
contains no charge, either general or particular, of any
offense. It is not matter of form, but rather matter of
substance, that is in question. No matter that it is essen-
tial to set forth to show that an offense has been com-
mitted, can be mere matter of form. State v. Learned, 47
Me. 426; West v. People, 137 Ill. 189; Hunter v. People, 52
Ill. App. 367; Johnson v. People, 113 Ill. 99; State v. Mace,
76 Me. 64.

It is not in the power of the legislature to deprive one
accused of crime of the right to demand information of the
nature of the crime which he is charged with having com-
mitted. McLaughlin v. State, 45 Ind. 338; Landringham
v. State, 49 Ind. 186; Riggs v. State, 104 Ind. 261.

This rule requires that the indictment shall contain the
essential elements of the crime charged. Riggs v. State,
104 Ind. 261.

Where a definite phrase is used in a statute, as applied
to a class, the indictment founded upon it must particular-
ize to fit it to an individual of that class. Where words
comprehend more than can be applied to a single act or
action, the facts showing the act must be given. The fol-
lowing are illustrative of that uncertainty:

An act of Congress makes it indictable to make a "revolt."
Under this act it is necessary to specify what the "revolt"
is. U. S. v. Almeida, Whart. Prec., 1061.

A statute makes it indictable to obtain goods by falsely "personating" another. The indictment is not good unless it specifies the "kind of personating." U. S. v. Goggin, 9 Biss. 269.

"Fraud" in elections is made indictable; but the indictment must set out the particulars and state what the "fraud" is. Com. v. Miller, 2 Pars. 197.

"Not a qualified voter" in a statute must be expanded in the indictment to show of what the qualification consists. Pearce v. State, 1 Sneed. 63; U. S. v. Crosby, 1 Hughes, 448.

Where statute makes an "attempt" an offense, the particulars of the offense (attempt) must be given. R. v. Marsh, 1 Den. C. C. 505; U. S. v. Warner, 26 Fed. Rep. 616; Whart. Crim. L. (9th Ed.), Sec. 192.

Where the statute used the words "live stock," the indictment using the terms in the language of the statute is defective as including many kinds of domestic animals and as not specific. State v. Hill, 79 N. C. 656.

Notwithstanding statutes assigning punishments to "murder," "arson," "burglary," etc., by name, with no further definition, it is held necessary to define the offense by stating the common law ingredients necessary to its consummation. Wharton P. & P., Sec. 231.

An indictment for stealing "meat" is bad for generality. The kind of meat should be specified. State v. Morey, 2 Wis. 494; State v. Patrick, 79 N. C. 655.

The charge of "torturing" was held to require an expansion showing the means and effect. State v. Pugh, 15 Mo. 509.

A charge of conspiracy to defraud by executing a false and fraudulent deed to obtain emoluments, etc., is bad for omitting to show in what respect the deed was false and fraudulent. Reg. v. Peck, 9 Ad. & El. 686.

"Did unlawfully by threats and menaces prevent and hinder the burial of said corpse." The indictment was held defective in not stating what these "threats and menaces" were. Rex. v. Cheere, 4 B. & C. 902.

To charge "conspiracy" to procure subjects to meet for

"seditious purpose of," etc., by "means of intimidation," etc., is bad, because it is not distinctly shown what species of intimidation is intended to be produced (employed). O'Connell v. Reg., 11 Cl. & F. 155.

It is not sufficient to charge "malicious mischief" or "malicious injury;" the facts of the injury must be given. Brown v. State, 76 Ind. 85; 2 Wharton P. & P., Sec. 154; Wharton Crim. Law, 1080 and 1041; State v. Costello, 62 Conn. 128.

Not sufficient to charge "prize fighting;" the facts must be set forth. Sullivan v. State, 67 Miss. 346.

It is not sufficient to charge in language of the statute "the removing of a dead body." If the intent with which an act is done constitutes the offense charged, the intent must be averred in the indictment (Cowp. 682), and if averred, it must be particularized (Cro. Eliz. 231). Com. v. Slack, 19 Pick. 304.

Where some special intent in reference to definite acts is essential to an offense, the particulars to which the intent relates must be specified. Heard's Crim. Law, 64.

"Where the constituent elements do not appear in the language of the statute, the indictment must state fully and plainly the offense." State v. Foster, 30 Kan. 365.

The offense charged, whether in the language of the statute, or so as to be easily understood by the jury, should be so charged that the judgment can be pleaded in bar of another prosecution for the same offense. McNair v. People, 89 Ill. 441.

Where any time stated in an indictment is to be proved by a matter of record, a variance will be fatal. Whar. Cr. Ev., Sec. 103a, 115; Wh. Cr. Pl. & Pr., 135; Archb. Cr. Pr., 9th Ed., 90; Greer v. Rennet, 1 Term R. 656; Pope v. Fosen, 4 T. R. 590; Woodford v. Ashley, 11 East., 508; Rastall v. Stratton, 1 H. Black. 49; U. S. v. McNeal, 1 Gall. 387; U. S. v. Bowman, 2 Wash. C. C. 328; Com. v. Monahan, 9 Gray, 116.

When an indictment undertakes to set forth a document according to its "tenor" or "as follows," then any variance

as to the words of the document is fatal.  Wh. Cr. Ev., Sec. 114;  Wh. Cr. Pl. & Pr., 168, 173.

While it is unnecessary that the vignettes and. figures of a note should be copied in the indictment, though if set forth a variance may be fatal.    Griffin v. State, 14 O. St. 55;  Buckland v. Com., 8 Leigh, 732.

It was held a variance when the instrument alleged to be forged was set out as an acquittance, or discharge for $48, and the paper on its face showed an order for $48, but contained on its back a further order for $1.    State v. Handy, 20 Me. 81.

When the indictment set forth embezzlement of moneys given to an agent for the purpose of paying a note due the 7th and 10th of December, 1866, and the proof showed that the note was due on the 11th day of December, A. D. 1866, the variance was held fatal.    State v. Snell, 9 R. I. 112; 3 Rice on Ev., 167;  U. S. v. Darton, 6 McLean, 46;  U. S. v. Brown, 3 Ib. 233.

The general rule that evidence of a distinct substantive offense can not be admitted in support of another offense, is laid down by all the authorities.    It is not but the reiteration of a still more general rule, that any case, civil or criminal, the evidence must be confined to the point in issue, it being said, however, by authors of the criminal law, that in criminal cases the necessity is even stronger than in civil cases of strictly enforcing the rule; for where a person is charged with an offense, it is of the utmost importance to him that the facts laid before the jury should consist exclusively of the transaction which forms the subject of the indictment and matters relating thereto which alone he can be expected to come prepared to answer.    Farris v. The People, 129 Ill. 521; 3 Russell on Crimes (5th Ed.), 368; 1 Roscoe on Crim. Ev., 8th Ed. 92.

This rule excludes all evidence of collateral facts, or those which are incapable of offering any reasonable presumption or inference as to the principal fact or matter in dispute.    The reason is that such evidence tends to draw away the minds of the jurors from the point in issue and

to excite prejudice and mislead them, and, moreover, the party having had no notice of such cross of evidence is not prepared to rebut it.   Greenleaf on Evidence, Sec. 52; Sutton v. Johnson, 62 Ill. 209.

It is a familiar principle of our criminal law that it is not admissible to introduce evidence tending to prove a similar but distinct offense for the purpose of raising an inference or presumption that the prisoner committed the particular act with which he is charged and for which he is on trial. (Baker v. People, 105 Ill. 452.)   It was error to admit evidence of two distinct and substantive crimes, over the objection of the defendant.   Parkinson v. The People, 135 Ill. 401; Kribs v. People, 82 Ill. 425.

It is a principle of criminal law which can not be denied or controverted, that even after indictment one's acts are presumably innocent.   No crime can, under the law, be assumed until, after indictment, the accused is proven guilty beyond reasonable doubt.   How can collateral matters, which the law must conclusively presume to be innocent, be imputed as criminal?   If evidence of other matters be admitted at all, it must be as a collateral crime.   There is no indictment for such matters.   In order to allow such proof it must be proved beyond a reasonable doubt to be a crime.   This has not been done.   Consequently every act in connection therewith the law conclusively presumes to be innocent.   If innocent it can not be received.   It is held in New York cases of forgery that similar papers, if relied on, must be proved to be forged to the same extent as the original crime.   People v. Altman, 147 N. Y. 473; People v. Sharp, 107 N. Y. 427.

The court should have required the State to furnish a a bill of particulars.   Com. v. Snelling, 15 Pick. 326; Chapel v. McKinney, 10 Mich. 54; Reg. v. Esdaile, 1 F. & F. 213; Com. v. Davis, 11 Pick. 434; Com. v. Giles, 1 Gray, 468; Starkweather v. Kettle, 17 Wend. 21.

CHARLES S. DENEEN, State's attorney, HARRY OLSON and FRANK W. BLAIR, assistant State's attorneys, for the defendant in error; R. M. WING and N. A. PARTRIDGE, of counsel.

Towne v. The People.

In determining the sufficiency or insufficiency of indictments in this State it is important to keep in mind the following provisions of the criminal code, viz.:

"Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury." * * * Ill. Crim. Code, Chap. 38, Div. 11, Sec. 6; Hurd's Ill. Stat. 1898.

Conspiracy, so far as applicable to this case, is defined in the Illinois Statutes, Chap. 38, Criminal Code, Sec. 46, as follows:

"If any two or more persons conspire or agree together with fraudulent or malicious intent, wrongfully and wickedly to injure the business or property of another they shall be deemed guilty of a conspiracy.

"Every crime consists of a combination of evil act and evil intent, both of which must be alleged and proved. But in most offenses, either the averment of the intent is involved in that of the act, so requires no setting out, or it may be stated very briefly and simply, the real difficulties being in the part of the indictment which concerns the act. All this is reversed in conspiracy. The combining of the two or more minds is the act, and at common law is the only act essential, though in some States something more, such as the averment of overt acts, is made necessary by the statutes. Hence the indictment for conspiracy charges:

"(1) A combining of two or more minds.

"(2) The purpose of the combining; which purpose or intent must be, in the words of the definition, 'to do by concerted action something unlawful, either as a means or an end.' And the averment of it must be in terms which shows that the combining to accomplish it is indictable. Nearly all the practical difficulties in an indictment at common law for conspiracy concern this averment. 2 Bishop's New Criminal Procedure, Secs. 204, 205, 208.

"Section 205. The setting out of the act:

"1. The indictment charges, as to the act, that on, etc., at, etc., the defendant, to copy from Chitty's form, 'unlawfully and wickedly (or if the conspiracy be malicious, say falsely and maliciously) did conspire, combine, confederate and agree together.' A shorter form, which has been held good, is 'unlawfully did conspire and combine together.' And not improbably the words 'unlawfully' and 'combine'

may also be omitted, but the author is not aware that the question has been decided. The indictment proceeds, 'to,' etc., stating the purpose of the conspiracy—that is, the intent—which varies with the particular case.   *   *   *

"Section 208.   *   *   * No indictment is ever required to charge one with what the law has not made a part of his crime; and when two or more combine to cheat another, they become guilty of a criminal conspiracy, though they have not even considered of the means. Hence, as agreed means are not essential to the offense, it would be a perversion of justice to require the prosecuting power to allege them—to allege, indeed, what may not in fact exist." See also, 2 Archbold's Criminal Practice and Pleading, 1834.

"A confederacy of two or more persons to accomplish some unlawful purpose, or a lawful purpose by some unlawful means." Commonwealth v. Hunt, 4 Met. 111; The State v. Burnham, 15 N. H. 396; Commonwealth v. Judd, 2 Mass. 329, 337; Commonwealth v. Tibbetts, 2 Mass. 536, 538; People v. Mather, 4 Wend. 229; The State v. Cawood, 2 Stew 360; Collins v. Commonwealth, 3 S. & R. 220; Morgan v. Bliss, 2 Mass. 111, 112; The State v. Rowley, 12 Conn. 101; O'Connell v. Reg., 11 Cl. & F. 155; 9 Jur. 25; 1 Gab. Crim. Law, 243; 2 Russ. Crimes, 3d Eng. Ed. 674; Alderman v. People, 4 Mich. 414; The State v. Mayberry, 48 Maine, 218; Reg. v. Bunn, 12 Cox C. C., 316, 338, 339; 4 Eng. Rep. 564.

The overt acts set out in the indictment, therefore, need not have been averred with any special accuracy. They need not be proved as laid. Some may be proved and others not.

At the common law   *   *   * the indictment frequently mentions things done in carrying out the conspiracy; but at the common law they need not be proved; or if, on this point, the proof varies from the allegations, it will do; and indeed, the allegation of overt acts in respect to the common law conspiracy, is quite unnecessary. If allegation is informal or uncertain, no harm comes from the defect. 2 Bishop, Criminal Law., Sec. 193.

"It is not the actual perpetration, but the original hatching of the plot which constitutes the crime." Commonwealth v. Gillespie, 7 S. & R. (Pa.) 469.

"The unlawful agreement constitutes the gist of the offense." Collins v. Commonwealth, 3 S. & R. (Pa.) 220.

The crime is consummated and completed by the unlawful combination, and if the object of it fails the crime remains complete.    Hazen v. Commonwealth, 11 Har. (Pa.) 362.

The great principle running all the cases is that conspiracies are substantive, punishable offenses, though they be not executed. The further principle is made manifest by many decisions, namely, that the means used or to be used, in carrying out the conspiracy, be they indifferent or be they criminal, are no part of the offense itself, but are merely matters of evidence to prove the offense.    State v. Buchanan, 5 Har. & John. (Md.) 317; Isaacs v. State, 48 Miss. 234; People v. Geiger, 49 Cal. 643.

The crime of conspiracy is consummated the moment the agreement is made.    Commonwealth v. Ridgway, 2 Ashm. (Pa.) 247; U. S. v. Cole, 5 McLean, 513; Regina v. Murphy, 8 C. & P. 297.

When an indictment for conspiracy, containing two counts, charged " That the defendants, on March 1, 1860, at Chicago, between themselves, did ' unlawfully conspire, combine, confederate and agree together, wickedly, knowingly and designedly, to procure, by false pretenses, false representations and other fraudulent means, one Lizzie M. Engles, then and there a minor female child of the age of sixteen years, to have illicit carnal intercourse with a man, to-wit, with the aforesaid Charles H. Schwab,' " etc., it was held to be sufficient.    Smith et al. v. People, 25 Ill. 18.

An indictment charging that the defendants " unlawfully, feloniously, willfully and fraudulently did conspire and agree together, with the fraudulent intent wrongfully and wickedly to injure the administration of public justice, by then and there unlawfully, willfully and fraudulently attempting to obtain and procure a decree of divorce," in a named court, specifies an offense under section 46 of the Criminal Code with sufficient certainty.    Cole et al. v. The People, 84 Ill. 216.

" In an indictment charging that ' Charles A. Gale, Augustus L. Evans and Albert W. Webster unlawfully, falsely and

feloniously did then and there conspire and agree together with the fraudulent and malicious intent wrongfully and wickedly to obtain of and from one Augustus N. Eddy $2,500 in lawful current money of the United States of America, of divers issues and denominations, to the jurors aforesaid unknown, of the value of $2,500, of the money and personal property of the said Augustus N. Eddy, by means and by use of false pretenses, contrary to the statute," etc., was held good. Evans v. People, 90 Ill. 384.

To the same effect, see also McCutcheon v. The People, 69 Ill. 601; McDonald v. The People, 126 Ill. 150; Baits v. People, 26 Ill. App. 431; Crane v. People, 168 Ill. 395.

"Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury."

The indictment in this case answers the requirements of the foregoing statute. It states the offense in the terms and language of paragraph 273, *supra*, of the Criminal Code, and describes an overt act, to-wit, "did then and there attempt to push back the lock on the door of the said dwelling house." This court has held in numerous cases that an indictment in the language of the statute is sufficient. Paragraph 408 of the Criminal Code, Rev. Stat., p. 408; Morton v. People, 47 Ill. 468; McCutcheon v. People, 69 Id. 601; Lyons v. People, 68 Id. 271; Warriner v. People, 74 Id. 346; Cole v. People, 84 Id. 216; Fuller v. People, 92 Id. 182; Seacord v. People, 121 Id. 623; Maxwell v. People, 158 Id. 248; Cannady v. People, 17 Ill. 158. In the proof of intention it is not always necessary that the evidence should apply directly to the particular act, with the commission of which the party is charged; for the unlawful intent in the particular case may well be inferred from a similar intent, proved to have existed in other transactions done before or after that time. The like evidence of acts and declarations at other times, in proof of the character and intent of the principal fact charged, has been admitted in trials for arson, robbery, libel, malicious mischief, forgery, conspiracy and other crimes. In regard to the distance of

time between the principal fact in issue and the collateral facts proposed to be shown in proof of the intention, so far as it affects the admissibility of the evidence, no precise rule has been laid down, but the question rests in the discretion of the judge. 3 Greenl.Ev., Sec. 15. See also, Crum v. State, 148 Ind. 401 (1897); People v. Seaman, Mich. (1895) 65 N. W. Rep. 203, 206; Commonwealth v. Kennedy, 48 N. E. Rep. 770, 772; 170 Mass. 18 (1897); State v. Balch, 136 Mo. 103, 109 (1896); State v. Lowe, 6 Kan. App. 110, 116, 117 (1897); Moore v. U. S., 150 U. S. 57; O'Brien v. Commonwealth, 89 Ky. 354; U. S. v. Kenney, 90 Fed. Rep. 257.

The principle is well established that where evidence is admissible for any purpose it can not be excluded, and its effect may be limited by proper instructions. Smith v. People, 115 Ill. 17.

In that case, page 20 in his brief, Attorney-General Hunt used the following language:

" Any evidence proper as to either of two defendants tried together is admissible, and its effect may be limited by instruction."

Orr v. The People, 63 Ill. App. 305, the court said:

" It is objected that it was error to admit the testimony of the witnesses Baird and Seifert concerning transactions had with them by the plaintiffs in error.

They were each induced, at about the same time, by similar advertisements and representations made by the plaintiffs in error as were employed and made to Gray, to take stock in the same proposed corporation of Dainton & Co., and receive employment in the business, and we think their evidence was properly received. It may be regarded as settled that any evidence which tends to prove the issue is competent, notwithstanding that it may be injurious to the defendant and may tend to prove distinct offenses against him. See also, McDonald v. People, 25 Ill. App. 350; Ochs v. People, 124 Ill. 399."

Evidence of other purchases than those charged in the indictment for conspiracy to cheat and defraud by obtaining goods without paying for them, is admissible to show the intent with which the acts charged were done, but not

to prove commission of other offenses than that charged.
Com. v. Eastman, 1 Cush. (Mass.) 189; see also, Dunn v.
People, 40 Ill. 465; Thomas v. People, 59 Ill. 160; Ochs v.
People, 124 Ill. 399.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the
court.

The first question presented upon this record is the suffi-
ciency of the various counts of the indictment. We will
consider these counts in the reverse order of their number-
ing. The fifth, sixth and seventh counts are alike in sub-
stance, and each of them presents only that plaintiffs in
error did "unlawfully, maliciously, wrongfully and wickedly
conspire and agree together with the fraudulent and mali-
cious intent, then and there wrongfully and wickedly to
injure the business and property of the Lumberman's Build-
ing and Loan Association, etc., contrary to the statute," etc.

It is contended by counsel for the plaintiffs in error that
these counts are insufficient in that they do not charge a
conspiracy to do any act which is of itself unlawful, nor to
do any lawful act by means which are unlawful. It is also
contended that the charge of these counts is not set forth
with a degree of certainty sufficient to inform the one
accused of the nature of the accusation. On the other hand,
counsel for the people contend that the charge of these
counts, being in the language of the statute, is therefore
sufficient.

The statute in question provides as follows:

"If any two or more persons conspire or agree together,
* * * with the fraudulent or malicious intent wrong-
fully and wickedly to injure the person, character, business
or employment, or property of another, * * * or to do
any illegal act injurious to the public trade, health, morals,
police or administration of public justice, * * * or to
commit any felony, they shall be deemed guilty of a con-
spiracy," etc.

The question presented is whether these three counts of
the indictment which present in the language of the statute
that plaintiffs in error did conspire to injure the property

and business of the Lumberman's Building and Loan Association, are sufficient without any allegation as to the nature of the injury which was the object of the conspiracy, and without any allegation as to the means by which such injury was to be effected. We are of opinion that these counts are insufficient.

The rule that it is sufficient to charge a statutory crime or offense in the language of the statute, is subject to qualification. Whether in any case it is enough that the indictment is merely framed in the words of the statute, must depend upon whether the words of the statute so far particularize the offense as by their use alone to notify the accused of the precise offense charged upon him. West v. People, 137 Ill. 189; Hunter v. People, 52 Ill. App. 367; Williams v. People, 67 Ill. App. 344; Bishop's Stat. Crimes (2d Ed.), Sec. 447b, and 449; State v. Costello, 62 Conn. 128; Brown v. State, 76 Ind. 85; State v. Howard, 34 L. R. A. 178; U. S. v. Cruikshank, 92 U. S. 542.

The statute here is broad enough to cover a multitude of different forms of injury, any one of which might be the object of the agreement which is made an offense. As said in the Hunter case, *supra*, it would have been quite impracticable to set out in the statute all the various ways by which an injury to business or property might be effected, or the various forms of injury thus brought within the scope of the act. Therefore the offense is stated in general terms. It covers in the general provision any special injury to the business, etc., of another, which the offenders unlawfully conspire to do. But this general provision does not obviate the necessity of presenting in the indictment the special injury which was the object of the conspiracy charged. Suppose that the allegation had been that plaintiffs in error had conspired together with the malicious intent, etc., to commit a felony, without specializing the felony; how could the accused, if innocent of the charge, learn from the language of the indictment or statute the nature of the offense which it was sought to prove against him? What felony? And in the indictment here, what injury?

In the West case, *supra*, the court said :

"Under every sort of constitution known among us, an indictment which does not substantially set down, at least in general terms, all the elements of the offense, everything which the law has made essential to the punishment it imposes, is void. And besides this, under most of our constitutions, the allegation must descend far enough into particulars and be sufficiently certain in its form of words to give the defendant reasonable notice of what is meant."

Wharton gives the rule applying to such statutory offenses as follows :

"On the general principles of common law pleading it may be said that it is sufficient to frame the indictment in the words of the statute in all cases where the statute so far individuates the offense that the offender has proper notice, from the mere adoption of the statutory terms, what the offense he is tried for really is. It is no more allowable under a statutory charge to put the defendant on trial without specification of the offense, then it would be under a common law charge." Wharton's Crim. Pl. & Pr. (8th Ed.), Sec. 220.

Bishop announces the same rule in substance. 1 Bishop New Cr. Pr. (4th Ed.), Sec. 81 *et seq.*, and 623 *et seq.*

Nor does the effect of section 408 of the Criminal Code operate against this rule. That section provides as follows : ·

"Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury," etc.

This provision has been construed by our Supreme Court as relating to matters of form and not to the substantial requirements of an indictment. McNair v. People, 89 Ill. 441; Johnson v. People, 113 Ill. 99; Prichard v. People, 149 Ill. 50; Cochran v. People, 175 Ill. 28; Williams v. People, 67 Ill. App. 344; Rank v. People, 80 Ill. App. 40.

In Johnson v. People, *supra*, the court said : It sometimes happens, however, that the language of a statute creating a new offense does not describe the act or acts

constituting such offense.   In that case the pleader is bound to set them forth specifically.   Kibs v. People, 81 Ill. 599; and 1 Wharton on Crim. Law, Secs. 164, 372.

In Cochrane v. People, *supra*, the indictment charged that Cochrane did unlawfully, etc., administer and use on one Stella Roberts, then and there being a woman pregnant with child, a certain instrument, the name of which is to the grand jurors unknown, with the intent then and there to produce an abortion, etc., the said Cochrane then and there well knowing that the said instrument would produce such miscarriage, etc., and by reason of such miscarriage, the said Roberts then and there died, etc.   The court held that the indictment was insufficient to sustain a conviction, saying:

"Both counts attempt to charge that the offense was committed with an instrument.   *   *   *   No attempt whatever is made in either count to state how or in what manner the instrument was used, etc.   *   *   *   The only attempt to justify this departure from well understood rules of criminal pleading, is the contention that being a statutory offense, the indictment is sufficient as charging it in the terms and language of the statute, or so plainly that the nature of the offense might be easily understood by the jury, relying upon section 6 of division 11 of the Criminal Code.   *   *   *   It is not intended to announce any rule which will render nugatory the provision of section 6 of division 11 of the Criminal Code, wisely intended to simplify criminal pleadings and dispense with many technical and useless averments heretofore required in indictments; but we are not prepared to hold that a defendant indicted under a statute of this kind for a most serious offense is not fairly entitled to notice by statements in the indictment, as to the act or acts with which he is charged in the commission of the offense."

Section 6 of division 11, above referred to, is the same provision of the act otherwise described as section 408 of the Criminal Code.

And in Williams v. People, *supra*, this court, speaking through Mr. Presiding Justice Boggs, said:

"If the language of the statute sufficiently describes the act or acts constituting the offense, then no more is required

than that the words of the statute be employed in the information or indictment; but when, as in the case at bar, the statute does not so describe such acts, then the indictment must set them forth."

We are of opinion that the fifth, sixth and seventh counts of this indictment are, and each is, wholly insufficient to sustain the conviction.

The first three counts of the indictment are out of consideration, because in each of these counts it is charged in effect that plaintiffs in error conspired to represent to members of the association, for the purpose of inducing nine or more of them to join in a petition for a receiver, that the association was insolvent; that the annual statement and report of the assets of the association (setting the report out), showing conditions on December 31, 1897, made by one Hooper, secretary of the association, and sworn to by him on January 12, 1898, etc., and filed with auditor, etc., of State of Illinois, was false and untrue; and charging further that the association was not then insolvent, and that the said report was not false and untrue, etc., which averments are not sustained by the evidence.

Without going into a needless discussion of the sufficiency of these three counts in substance or certainty of averment, it is enough to say that the evidence does not establish, or even tend to establish, the charge that plaintiffs in error conspired to make representations that the report as set forth in the indictment was false. The indictment undertook to describe the report of December 31, 1897, and did describe it as sworn to by Hooper, secretary of the association, on January 12, 1898. No such report appears even to have been sworn to by the secretary upon that date. The report offered in evidence, as the report set forth in these counts of the indictment, was sworn to by Hooper, secretary, upon the 13th of January, 1898. The report set forth in these counts is further described as a report filed with the auditor of public accounts of the State of Illinois. The report offered in evidence was not filed in the office of the auditor until March 7, 1898, after the date of

the offense as laid in some of the counts, and after the date of some of the acts by plaintiffs in error, shown as proving the alleged conspiracy.   John Berg testified to acts of plaintiff in error Towne, upon March 5th; Becker to acts upon March 5th or 6th.   It is not established by any evidence that plaintiffs in error conspired to make representations of any nature as to "a report sworn to by the secretary of the association on the 12th day of January, 1898, and filed by him with the auditor of public accounts."

These averments are of the means by which the injury charged as the object of the conspiracy was to have been committed.   They are material averments and they are not proved.   Therefore, these three counts, as well as the last three, are out of consideration as supporting this conviction.   Limouze v. The People, 58 Ill. App. 314; Bromley v. The People, 150 Ill. 297.

We come then to a consideration of the fourth count of the indictment.   The substance of that count is set forth in the statement of facts preceding this opinion.   It presents in effect that the unlawful conspiracy was to falsely represent to certain members of the association that the association was insolvent, for the purpose of getting nine or more members to join in a petition praying for the appointment of a receiver for the association, and with the fraudulent and malicious intent to thus injure the business and property of the association; and the indictment presents that the association was not then and there insolvent, as plaintiffs in error well knew, etc.

We are of opinion that this count would be sufficient to sustain the conviction, if the evidence supported it, and in absence of error in procedure.

The gist of the offense, the unlawful conspiracy to injure the business and property of the association, the nature of the injury, the filing of a petition for the appointment of a receiver, and the means by which the injury was to be effected, the representing falsely to members that the association was insolvent, are all so plainly set forth by this count that the provisions of section 408 of the Crim-

inal Code apply, if they ever apply to aid any indictment. The indictment by this count states the offense in the language of the statute so plainly that the nature of the offense may be easily understood by the jury, and with sufficient of particularity to put the accused upon fair and full notice of the precise nature of the charge he was to meet.

We have, then, to inquire as to the evidence and the rulings of the trial court upon matters of procedure.

Without discussing the evidence at length, it is sufficient, in view of the disposition that must be made of this cause, to say that we are not prepared to hold that the evidence is insufficient to sustain a conviction under the fourth count of the indictment, if there was no serious error in procedure.

Among the errors complained of is the admitting, over objection, of evidence of a former unlawful attempt to procure the appointment of a receiver for the property of another and different association.    Testimony was admitted over the objection of plaintiffs in error, tending to show that in February, 1898, preceding the alleged offense, plaintiff in error Towne had prepared a petition seeking the appointment of a receiver for the property of another similar association, viz., The Masonic Mutual Savings and Loan Association, upon the ground set up in the petition that it was insolvent; and that in consideration of the payment of a sum of money by officers of that association, Towne had desisted from filing the petition.    Plaintiff in error Mowatt, was in no way connected with the transaction.    It is contended by counsel for the State that this evidence was competent to show intent.    We are of opinion that the evidence was incompetent for any purpose, and that it was error to admit it.    It is true that the rule which excludes, upon trial for one offense, evidence of other and distinct offenses, recognizes an exception in cases where it is necessary to show such other and distinct offenses for the purpose of proving knowledge or intent in the committing of the offense for which trial is had.    Thus, it is frequently permitted in practice, and sanctioned, to show upon indict-

ment for uttering forgeries and counterfeits that like acts have been committed by the accused, and for the purpose of establishing the guilty knowledge and intent in the instance under investigation. So, too, this exception to the general rule has been extended, though less .frequently, to other cases, such as arson, robbery and conspiracy. But the general rule is salutary, and departure from it is perilous, and hence courts are reluctant to extend the exception to the rule beyond well established lines. While the decisions of different jurisdictions vary somewhat as to the application of this exception to the rule, yet they are all in substantial accord upon the proposition that unless there be some apparent logical connection between the two offenses, either by reason of both being of the *res gestæ*, or both being part of one system, or the one tending to show a *scienter* in the other, the general rule governs, and the exception to it does not apply. Commonwealth v. Jackson, 132 Mass. 16; Swan v. Commonwealth, 104 Pa. St. 218; People v. Sharp, 107 N. Y. 427; Snapp v. Commonwealth, 82 Ky. 173.

Our Supreme Court has taken very decided ground upon the question. Kribs v. People, 82 Ill. 425; Baker v. People, 105 Ill. 452; McDonald v. People, 126 Ill. 150; Farris v. People, 129 Ill. 521; Parkinson v. People, 135 Ill. 401.

And this court, in Jackson v. People, 18 Ill. App. 508, adhered to the safe application of the general rule.

The safety of the general rule and the danger of departure from it is well illustrated in this case. The transaction with the Masonic association had no connection whatever with the matter here in question. Plaintiffs in error are here charged with a conspiracy, and in the former transaction one of them only was concerned. The indictment gave them no notice whatever that the former transaction was to be investigated upon this trial. And yet a very large amount of evidence was admitted to establish the participation of plaintiff in error Towne, in that matter. It was not part of *res gestæ* of the subject-matter of this trial. No system is shown of which it was a part. Nor are we pre-

pared to hold that the participation of Towne in the former transaction tends to show a *scienter* on the part of Towne and Mowatt in entering into the unlawful agreement which is the gist of the offense here charged.

The Illinois cases relied upon by counsel for the State are: Dunn v. People, 40 Ill. 465; Thomas v. People, 59 Ill. 160; Ochs v. People, 124 Ill. 399; Williams v. People, 166 Ill. 132; Crane v. People, 168 Ill. 395; Schintz v. People, 178 Ill. 320; Orr v. People, 63 Ill. App. 305.

In the Dunn case the evidence in question was of a matter clearly connected with the transaction there involved. In the Thomas case the evidence was held competent not only to show guilty knowledge, but, as well, a part of a scheme or system, and it was clearly connected with the acts constituting the offense there charged. We are unable to find anything in the decision of the Ochs case which applies here. In the Williams case the evidence in question was admitted as showing other offenses which were part of one general scheme or system with the offense charged. And the court, in passing upon its admissibility, said:

" It seems to be well settled that when the offered evidence tends to prove the charge in the indictment, the mere fact that it may tend to prove another crime does not make it inadmissible. If, however, the offered evidence only tends to prove that the accused committed another crime, and for that reason it is probable that he may have committed the crime alleged in the indictment, the admission of such evidence would be erroneous. * * * While there may be some doubt in regard to the ruling of the court on the admission of the evidence complained of, and while we might be better satisfied with the verdict of the jury had the court excluded the evidence, yet the guilt of the plaintiff in error was so clearly established that we do not regard the ruling of the court on the admission of evidence as sufficient ground to cause a reversal of the judgment."

In the Crane case the disputed evidence was of matters directly connected with the offense there charged, and the decision in that case has no bearing upon the question here presented. In the Schintz case the court said of the evidence there in question:

" The evidence would have been improper but for the fact that the Keck note and mortgage belonged to the Ertel estate. The offense charged was with reference to the property belonging to the estate of Frances Ertel. Any fact necessary to introduce or explain another which is in issue may be proven."

In the Orr case, this court said :

" It may be regarded as settled that any evidence which tends to prove the issue is competent, notwithstanding that it may be injurious to the defendant and may tend to prove distinct offenses against him."

In the case here under consideration, the proof of the distinct offense did not tend to prove the issue, viz., an alleged conspiracy by plaintiffs in error. We find nothing in any of the Illinois decisions cited by counsel and above considered, which supports the contention that this evidence was competent. That it was prejudicial to plaintiffs in error is a probability too strong to be disregarded. We are, therefore, disposed to view the admission of the evidence as to the transaction between plaintiff in error Towne and the Masonic association as reversible error.

Another question of controlling importance, which is raised upon this record, is as to the punishment fixed by the verdict and judgment. The verdict fixed the punishment of plaintiff in error Towne " at imprisonment in the penitentiary " and a fine. He was sentenced, under the provisions of the indeterminate sentence act, to imprisonment in the penitentiary without fixing any definite period of imprisonment. It is contended by counsel for plaintiff in error Towne that in this there was error, and that the provisions of the indeterminate sentence act do not apply to the offense of which this plaintiff in error was found guilty. We are of opinion that the contention is sound. There is no decision, so far as we are aware, in which the precise point here involved has been considered and settled. But by analogy, the decision in Lamkin v. The People, 94 Ill. 501, would seem to govern. In that case the controlling question was as to whether the offense was a felony or a misdemeanor. The offense charged there, as here, was

conspiracy, and it was held that because the punishment of the offense was either by imprisonment in the penitentiary or by a fine, it was not within the terms of our statute defining a felony as an offense punishable with death or by imprisonment in the penitentiary. Applying to the question presented the same reasoning followed in the Lamkin case, we are led to the conclusion that the offense here being a misdemeanor, does not fall within the provision of section 498 of the Criminal Code. The language of the act is "that every person * * * convicted of a felony or other crime punishable by imprisonment in the penitentiary," etc. This would include a misdemeanor as well as a felony, provided the misdemeanor was one punishable by imprisonment in the penitentiary within the meaning of the act. But the Lamkin case decides that an offense punishable by either imprisonment in the penitentiary or by fine, is not an offense within the meaning of such language. We can not, without disregarding the decision in that case, hold that the provisions of the indeterminate sentence act include a misdemeanor punishable by either imprisonment in the penitentiary or by a fine alone. The construction adopted in the Lamkin case has been adhered to in Baits v. People, 123 Ill. 428, and in Herman v. People, 131 Ill. 594.

Question is also raised as to the ruling of the trial court in the matter of the application of plaintiffs in error, for a bill of particulars. In view of the disposition which must be made of this cause, it is not necessary to go into a consideration of the procedure of the trial court in relation to this motion. It is enough to say that under the rule of procedure in this State, plaintiffs in error would be entitled to such a bill of particulars upon motion. McDonald v. People, 126 Ill. 150.

Whether the court refused the rule moved for, whether the inspection of the books of the association was accepted in lieu of a bill of particulars, and whether the averments of the first three counts were agreed upon to be a bill of particulars, are all matters of no further importance in this case. For the same reason, we deem it unnecessary to dis-

cuss the motion for an election by the State between the counts of the indictment.

No other questions of procedure are presented which we regard it necessary to consider.

For the error in admitting the evidence above indicated and because the punishment fixed by the judgment is unwarranted under the statute, the judgment is reversed and the cause is remanded.